[Criminal No. 869. Filed December 12, 1938.]

[84 Pac. (2d) 1081.]

HAROLD JAMES and JULIO GUANO, Appellants, v. STATE OF ARIZONA, Respondent.

Mr. G. W. Fryer and Mr. J. Andrew West, for Appellants.

Mr. Joe Conway, Attorney General, and Mr. W. E. Polley, his Assistant, for Respondent.

LOCKWOOD, J.—Harold James and Julio Guano were convicted of the crime of robbery, and duly sentenced therefor, whereupon this appeal was taken.

James has since died, and the appeal is prosecuted on behalf of Guano alone. There are seventeen assignments of error, which we will consider in accordance with the legal questions raised thereby, rather than numerically.

The charging part of the information reads as follows:

"That at the County of Yavapai, State of Arizona, on or about the 28th day of March, A. D. 1938, and prior to the filing of this information, the said Harold James and Julio Guano, did then and there wilfully, wrongfully, unlawfully and feloniously, take personal property, to-wit: a billfold in the possession of another, to-wit: Jose Benitas, from the person of the said Jose Benitas, and against the will of the said Jose Benitas, said taking being accomplished by means of force and fear, to-wit: by the use of a pistol,"

and it is claimed that it is defective in that it does not state the ownership of the personal property alleged to have been taken. Robbery is defined by section 4602, Revised Code 1928, as follows:

"Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence and against his will, accomplished by means of force or fear. The fear may be either of an unlawful injury to the person or property of the person robbed, . . . "

■ Our statute on robbery is taken from California and the decisions of the courts of that state on the construction of the statute, even though not binding upon us, are very persuasive. In the very early case of *People* v. *Vice,* 21 Cal. 344, the information apparently followed the language of the statute, but did not charge that the property taken was not the

property of the defendant or that it belonged to any person other than the defendant, and the court said:

"The indictment in this case is for the offense of robbery, but in the statement of facts constituting the offense there is a fatal defect. The statement contains no allegation as to the ownership of the property of which the party named was robbed or that it did not belong to the defendant. It is not necessary that the property should belong to the party from whose possession it was forcibly taken. It is requisite, however, that it should belong to some other person than the defendant. The owner of property is not guilty of robbery in taking it from the person of the possessor, though he may be guilty of another public offense."

And the judgment was reversed. At a later time, however the Penal Code of California was amended by adding the following section, which originally read as follows:

"956. When an offense involves the commission of, or an attempt to commit, a private injury, and is described with sufficient certainty in other respects to identify the act, an erroneous allegation as to the person injured, or intended to be injured, is not material."

This language also appears in our 1928 Code as the last sentence of section 4980, having come into our law in the Code of 1887. In the case of *People* v. *Price,* 143 Cal. 351, 77 Pac. 73, it was held, relying on section 956, *supra,* that when the crime charged was burglary, the name of the owner of the property was immaterial except where necessary to identify the property, and that it was unnecessary to allege the ownership of the property burglarized when the building was so described that the defendant could not be misled thereby. Our court, in the case of *Stewart* v. *State,* 27 Ariz. 240, 232 Pac. 556, where the same question was raised as to the failure of the information to set forth the ownership of the property burglarized, followed the judgment of the Supreme Court of California, and

referred specifically to *People* v. *Price, supra,* basing our decision on section 940 of the Penal Code of 1913, which is *verbatim* the same as that portion of section 4980 above referred to. We stated (p. 244):

"This provision applies as much to burglary as to larceny or any other criminal offense, and under it the name of the owner of the property burglarized is immaterial unless it be necessary for purposes of identification."

The precise question raised herein was involved in the case of *People* v. *Sampson,* 99 Cal. App. 306, 278 Pac. 492, the offense charged being robbery. The information did not allege who was the owner of the property taken, although it was clearly proved at the trial that it belonged to the prosecuting witness. By that time section 956 of the California Penal Code, above quoted, had been amended by adding thereto the words:

" . . . or of the place where the offense was committed, or of the property involved in its commission, is not material."

The court, however, did not base its decision on the change in the statute, but referred to the case of *People* v. *Price, supra,* as authority for applying the rule stated in the last-named case to the. crime of robbery. We think the conclusion reached by the Supreme Court of California is well founded, both on authority and logic. While most of the cases hold that ordinarily the crime of robbery cannot be committed when the property taken by the defendant belongs to him, yet there are a number of well-considered decisions which state that under some circumstances, as where the person in possession of the property holds it legally, such as a special bailee, a man may be guilty of robbery in the taking of even his own property. The most important part of the crime of robbery is the violent attack upon

the person of another. That this is true is indicated by the fact that robbery is included in our code in the chapter dealing with crimes against the person, rather than that portion dealing with crimes against property, where the provisions in regard to burglary, larceny and similar crimes are found, and that the value of the property taken is utterly immaterial. Such being the case, it is immaterial that the information omits the name of the owner of the property taken, if it shows from whose possession it was taken and that force or fear was used. The information properly charged the crime of robbery.

The next question is as to whether the court erred in the admission of certain testimony. This requires a brief summary of the evidence in the case. Stated chronologically, it is substantially as follows: Guano and James were in company at five-thirty P. M. on the 28th of March, in a certain pool hall in Jerome, where they had been gambling for some time and lost some money. James, in substance, said to the proprietor of the game, that he wanted his money back, putting his hand inside of his sweater. The proprietor said he was perfectly willing to give the money back, and opened the drawer and was about to do so when James grabbed some money out of his hand and went away. A little later he came back and offered to return the money to the proprietor, throwing it on the table, and the latter said that he did not want it back, whereupon James and Guano left in company. A short time thereafter a sixteen year old boy, who was walking on the street, heard Guano, James, and a third party who is not identified, talking. One of them said, "You two go and I will watch for you." The boy tried to run and was stopped by the unidentified man, who pulled a gun and stuck it in his ribs, scaring him, but he was finally allowed to leave.

It is urged that the admission of this evidence was a violation of the well known rule that when a defendant is charged with one crime, evidence of other crimes may not be admitted against him. That this is the general rule is, of course, true, but it is subject to a number of exceptions, among which is when the evidence is offered for the purpose of showing the identity of a defendant, and the county attorney stated that it was offered for this purpose. Defendant admits the exception to the rule, but says that it only applies when a defendant attempts to claim an alibi, and that since he did not take the stand at all, there was no necessity of identification. We think defendant's position is not a sound one. When, as in this case, the offense was committed in the dark, and only one of the parties committing it was well known to the prosecuting witness, any evidence which tended to assist in identifying either or all of them is admissible on the state's case in chief, and it does not need to wait until one of the defendants claims an alibi before it offers such evidence. Further than that, we doubt very much whether the evidence was sufficient to show the commission of any crime by either of the defendants at the time the money was returned to them. They merely asked for the money back, and it was apparently returned freely and voluntarily by the proprietor of the game. It is true he testified that he saw a bulge under the jacket of James, which might have been a pistol, but he does not claim that one was exhibited, or that the return of the money was involuntary. The evidence of the assault upon the boy perhaps would have sustained a conviction of that offense, but in view of the entire evidence in the case, we are of the opinion that the court did not err in admitting the evidence objected to.

The next proposition is the alleged error of the court in refusing to give a proper instruction limiting

the purpose for which the testimony of the witnesses in regard to the transactions in the pool hall and on the street immediately thereafter was admitted. There is nothing in the record which shows that any request was made for such instruction, and we, therefore, cannot consider the alleged error. It was not error for the court to fail to give the instruction referred to of its own motion. *Greve* v. *State,* 36 Ariz. 325, 285 Pac. 274.

■■ The next question is whether the state was permitted to put the character of the defendants in evidence improperly. The record on this point shows that after the jury had returned its verdict, and before sentence, counsel for James and Guano requested that the former be given a minimum sentence of five years, while the latter be given a suspended sentence. The county attorney objected to the granting of these requests, and as ground for his objection presented the previous prison records of the two defendants, and the court, taking into consideration these records, refused the request for the minimum sentence. Section 5105, Revised Code 1928, reads, in part, as follows:

"Suspending judgment; revocation; pronouncing judgment; discharge. After plea or verdict of guilty, where discretion is conferred upon the court as to the extent of the punishment, the court, upon oral suggestions of either party that there are circumstances in aggravation or mitigation of the punishment, may, in its discretion, hear the same summarily at a specified time and upon such notice to the adverse party as it may direct. . . . "

We think that this statute was intended to cover exactly such a proceeding as that to which defendant objects. When the precise sentence to be imposed upon a defendant is fixed by law, there can be little use, after conviction, in a consideration by the trial court of his previous record, good or bad. The jury has found him

guilty and the law has prescribed his punishment. But when, as under our code, a considerable discretion is vested in the trial judge as to the limits of the sentence, it is not only permissible but almost essential, in order that he may properly carry out the obvious intent of the law to graduate the punishment in accordance with the general character of both the offense and of the parties convicted, that he should have all the information possible as to their past conduct. Obviously a first offender would, and should, be granted much greater leniency than one who had proved by his past record that he was a hardened criminal. The cases cited by defendant refer to an attempt by the state to put the character of a defendant in evidence before the jury which is to determine the question of his guilt or innocence, and not before the court which, after conviction, is considering the extent of the punishment which, in its discretion, it should impose.

The last question is as to the sufficiency of the evidence to support the judgment. The testimony of the state shows that James, Guano, and an unknown third party had been in company for some time in the afternoon and evening of March 28th; that they together met the prosecuting witness, told him they were policemen, and one of them threatened to hit him, while another drew a pistol and placed it against his body, the third one getting behind him and taking from him a billfold. While this was being done, James, who held the pistol in his hand, said "Do not report this or I will kill you." Section 4491, Revised Code 1928, reads, in part, as follows:

"Parties to crimes; principals and accessories defined; punishment of accessories. . . . All persons concerned in the commission of a crime, whether it be a felony or misdemeanor, and whether they directly commit the act constituting the offense, or aid and abet

in its commission, . . . are principals in any crime so committed. . . . ''

We think that this testimony alone, if believed by the jury as it evidently was, is ample to support a verdict of guilty against any and all of the three men taking part in the transaction.

 There is but one other point which we need to consider, and that is the action of the trial court in allowing the state, after it had closed its case, to re-open it for the purpose of permitting the prosecuting witness to testify that the billfold taken belonged to him. The order of proof is discretionary with the trial judge in the absence of a showing that his rulings deprive the defendant of any of his substantial rights. The action objected to certainly did not have that effect.

There being no substantial error shown in the record, the judgment is affirmed.

McALISTER, C. J., and ROSS, J., concur.