371 P.2d 97

The STATE of Arizona, Appellee,

v.

Donald Lee FRANCIS, Appellant.

No. 1209.

Supreme Court of Arizona.

En Banc.

May 2, 1962.

Lewis, Roca, Scoville, Beauchamp & Linton, and John J. Flynn, Phoenix, for appellant.

Robert W. Pickrell, Atty. Gen., Stirley Newell, Asst. Atty. Gen., Charles N. Ronan, County Atty., Joseph Shaw, Deputy County Atty., for appellee.

JENNINGS, Justice.

Defendant was tried and convicted of the statutory rape of a sixteen-year-old girl. From the conviction he appeals.

The facts of the case are that about nine o'clock on the evening of July 18, 1960 the prosecutrix, being then sixteen years of age, was out looking for her younger brother. At 19th Avenue and Yavapai she was stopped by a man in a car (identified by her as the defendant) who showed her a badge and said he was a juvenile officer. He said it was after curfew and asked her what she was doing. After explaining that she was looking for her younger brother he offered to help look for him. She thereupon got into his car and they drove west on Buckeye Road. When they reached 35th Avenue he told her he was taking her to the juvenile home to check the records, since she insisted that she had never been in trouble. Instead, he drove south on 35th Avenue and onto a dirt road where he forcibly raped her.

At the trial the court permitted Norma ———, a witness for the state, to testify that about ten o'clock on the morning of July 18, 1960 the defendant had stopped her, showed her a badge and asked her name and age. He also asked whether she had ever been in the Good Shepherd Home (a detention home for female juveniles), as well as a number of other personal questions. He then asked her if she would go with him, to which she replied "no". As he drove off she wrote down the license number of his car and reported it to the police. She identified the defendant in a line-up the next day and also at the trial. The evidence was offered by the State to show a distinctive plan or scheme used by the defendant by which he could be identified.

Two assignments of error were made by the defendant, the first being that the trial court erred in admitting into evidence, over defendant's objection, the testimony of Norma ———. It is defendant's contention that the admission into evidence of the testimony did not fall within the exceptions to the general rule regarding evidence of other crimes and therefore should not have been admitted to show a common plan, scheme or identity. He contends that the essential fact necessary to bring her testimony under the exception to the general rule was missing, namely, that a rape or attempted rape was committed upon her, or such other similar and related crime.

Defendant argues that the distinctive act by which he has been identified by the witness is fully dissimilar from the act of which he is charged and therefore should not be admitted for the purpose of identity. He maintains that if during the first act

he had actually raped or attempted to rape the witness, then it might be admissible to prove identity or common scheme. But, he contends, by merely showing that the person has impersonated an officer does not further prove that he committed the crime of rape. He states that the one thing and the only thing that it might have a tendency to prove is that he might be guilty of impersonating an officer. Thus, he contends, although the identity of the defendant may have been established by such act, it did not establish the identity of the defendant as the prosecutrix's assailant. Therefore, he argues, such evidence was completely immaterial and irrelevant insofar as the crime charged was concerned.

█ It is, of course, the general rule that evidence of separate and independent crimes is inadmissible to prove the guilt of a person on trial for a criminal offense. However, there are certain well-established exceptions to this general rule. One of these exceptions is that evidence is admissible where it tends to aid in identifying the accused as the person who committed the particular crime under investigation. James v. State, 53 Ariz. 42, 84 P.2d 1081 (1938); Lawrence v. State, 29 Ariz. 247, 240 P. 863, rehearing denied, 29 Ariz. 318, 241 P. 511, certiorari denied, 269 U.S. 585, 46 S. Ct. 201, 70 L.Ed. 425 (1925); Crowell v. State, 15 Ariz. 66, 136 P. 279 (1913).

█ In the *instant* case the identity of the assailant was in issue, the defendant having filed a notice of alibi. It was, in fact, the only issue. The State was trying to establish identity by showing that both the defendant and the assailant used a distinctive device, namely, the impersonation of an officer in order to intimidate young girls. The distinctive device of impersonation, the questions asked, and the attempted pickup was unusual enough to be relevant in establishing identity. For, as stated in Daniels v. State, 243 Ala. 675, 681, 11 So. 2d 756, 761, certiorari denied, 319 U.S. 755, 63 S.Ct. 1168, 87 L.Ed. 1708 (1943):

"* * * where a crime has been committed * * * . in a peculiar or unusual manner, evidence of recent *similar acts* or crimes by the accused committed by the same means or in the same manner are provable to identify the accused as an inference from the similarity of method." (Emphasis supplied.)

Defendant also contends that any past conduct on the part of the defendant must in fact have been criminal or tend directly to prove the defendant guilty of the particular crime with which he is charged or else it does not fall within one of the exceptions to the general rule. He cites People v. Byrnes, 27 Cal.App. 79, 148 P. 944 (1915) in support of such proposition.

■ However, where the identity of the defendant is the question in issue, any fact which tends to establish the identity has probative value and if offered for that purpose it is receivable. Other acts or crimes may be shown if they are relevant, regardless of their criminal character. James v. State, supra; State v. Lawrence, supra. See also I Wigmore, Evidence, 3rd ed. § 216. But see State v. Bassett, 26 N.M. 476, 194 P. 867 (1921). In State v. Lapage, 57 N.H. 245, 288 (1876) it was stated:

"* * * it is not the quality of an action, as good or bad, as unlawful or lawful, as criminal or otherwise, which is to determine its relevancy. I take it to be generally true, that any act of the prisoner may be put in evidence against him, provided it has any logical and legal tendency to prove any matter which is in issue between him and the state * * *."

And in James v. State, supra, this Court stated:

"* * * we doubt very much whether the evidence was sufficient to show the commission of any crime * * * we are of the opinion that the court did not err in admitting the evidence objected to." 53 Ariz. at 48, 84 P.2d 1083.

The testimony of Norma ——— was relevant and material in helping to establish identity. The trial court properly admitted it.

■ Defendant's second assignment of error is that the trial court erred in failing to give a cautionary instruction as to the restricted and limited purpose for which evidence of other offenses is admissible in a criminal case even in the absence of a request by the defendant. In support of his assignment defendant cites State v. Finley, 85 Ariz. 327, 335, 338 P.2d 790, 796 (1959) wherein it was stated by the majority opinion:

"Whenever evidence is admitted of other offenses there is an imperative duty on the trial court to clearly instruct the jury as to the restricted and limited purpose for which such evidence is to be considered. * * *"

However, in that case the instruction had been requested by the defendant and given by the trial court whereas in the instant case no such instruction was requested by the defendant. In addition, the Finley case cites People v. Nye, 38 Cal.2d 34, 237 P.2d 1 (1951) as authority for such proposition. However, the Nye case did not deal with an instruction limiting consideration of other offenses. Therefore, the Finley case is not in point.

It has long been the rule in this jurisdiction that unless an objection is interposed to an instruction, or a request for an instruction is made, error cannot be predicated on the giving or the failure to give such an instruction. State v. Evans, 88 Ariz. 364, 356 P.2d 1106 (1960). This

Court has repeatedly held that if a defendant wants an instruction limiting the effect of certain evidence he must request it, and the failure of the trial court to so instruct is not error in the absence of a request therefor. State v. Evans, supra; State v. Polan, 80 Ariz. 129, 293 P.2d 931 (1956); Burgunder v. State, 55 Ariz. 411, 103 P.2d 256 (1940); James v. State, supra.

Defendant's failure to request such a limiting instruction constituted a waiver of any right to such an instruction. The trial court's failure to so instruct on its own motion was not error.

The judgment is affirmed.

BERNSTEIN, C. J., UDALL, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concurring.