376 P.2d 134

**STATE of Arizona, Appellee,**

v.

**Wayne GRIFFITH, Appellant.**

**No. 1236.**

Supreme Court of Arizona,

En Banc.

Nov. 14, 1962.

John J. Doherty, Phoenix, for appellant.

Robert W. Pickrell, Atty. Gen., Stirley Newell, Asst. Atty. Gen., for appellee.

JENNINGS, Justice.

The defendant was charged by an information with two crimes. Count one charged him with the crime of robbery and count two with the crime of kidnapping. He was convicted on both counts and sentenced to serve 20 to 30 years on each count, to be served concurrently. From the conviction he appeals.

The facts are as follows. Jean Marie Olson was employed as a clerk at the Circle K Market at 32nd Street and Cactus Road. On April 20, 1961 she closed the store at 11 p. m. and was getting into her car when the defendant appeared with a gun. He pushed her over, got into the car and started driving. He asked her how much money was in the safe and then stated he wanted her to let him into the store. She told him she had no key to the store and that she couldn't get into the safe anyway. After asking her where the manager and assistant manager lived, he told her to put her head down in the seat and then stopped and talked to a man in another car. The two cars became separated on the way to the assistant manager's home. When the defendant couldn't find the other vehicle he stopped the car and wired Mrs. Olson's wrists together behind her back and put her into the trunk of the car. She was released by the police about an hour and a half later. After being released, Mrs. Olson found that her billfold had been ripped apart and her money taken (she stated she had had $7 in bills and some change). Mrs. Olson identi-

fied the defendant at the sheriff's office the next day and at the trial.

Defendant's first assignment of error is that the trial court erred in submitting only three forms of verdict to the jury.[1] He contends four possible verdicts existed and therefore four forms of verdict should have been submitted to the jury.[2] He argues that the failure to do so deprived him of substantial justice since "the jury might be reasonably expected to deduce * * * [from the forms of verdict given] that they could not, if they wanted to, find the defendant guilty of only one of the charges and at the same time, find him not guilty of the other charge."

Although the law does not make it the duty of the court to submit forms of verdict to the jury, when he does do so, he should give a form of every kind of a verdict that may possibly be returned by the jury. West v. State, 24 Ariz. 237, 208 P. 412 (1922). See also Webster v. State, 96. Okl.Cr. 44, 248 P.2d 646 (1952); State v. Hickenbottom, 63 Wyo. 41, 178 P.2d 119. (1947); Cupp v. State, 127 Tex.Cr.R. 10, 74 S.W.2d 701 (1934). However, before a failure to do so may be made the basis of reversible error, it must appear that the omission prejudiced in some way the rights of the defendant. West v. State, supra; Cupp v. State, supra.

In the case at bar it does not appear that the absence of the forms of verdict suggested by defendant prejudiced his rights. His sole defense was that he was not the man involved, that the complaining witness had made a mistaken identification.[3] Although the trial court committed error in failing to submit to the jury a form of every kind of a verdict that could possibly have been returned, it was not reversi-

---

1. They were as follows: (1) Guilty of robbery, Count I; (2) Guilty of kidnapping, Count II; and (3) Not guilty.
2. They are as follows: (1) Not guilty of robbery, and guilty of kidnapping; (2) Guilty of robbery and not guilty of kidnapping; (3) Guilty of robbery and guilty of kidnapping; and (4) Not guilty of robbery and not guilty of kidnapping.
3. In Allen v. State, 26 Ariz. 317, 225 P. 332 (1924) two defendants were tried together for the same offense. When the jury retired to consider its verdict, the court gave them several forms of verdict but failed to include forms providing for verdict of "not guilty" with reference to each defendant. In affirming the convictions we said:

"* * * We must assume that the jury were men of common sense and experience, and it would seem very improbable that they would have returned a verdict of guilty against Albert Allen had they entertained any doubt of his guilt. We cannot believe that they were influenced by the absence of the form of verdict suggested. It would have been no trouble nor required any skill to change the form of verdict handed to the jury to be used by them in event they found both defendants not guilty, or to, use that form in preparing another had they concluded Albert Allen was not guilty but that John Allen was." 26 Ariz, at 324, 225 P. at 334.

ble error since it did not prejudice the defendant, and upon the whole case it appears that substantial justice was done. Ariz. Const. Art. 6, § 27, A.R.S. (As amended, 1960).

 The defendant next argues that the trial court erred in instructing the jury as to the crime of kidnapping. This assignment is without merit. Defendant made no objection to the instruction at the trial. This court will consider only such questions as were raised at the trial with respect to errors or omissions in the giving of instructions. State v. Francis, 91 Ariz. 219, 371 P.2d 97 (1962); State v. Evans, 88 Ariz. 364, 356 P.2d 1106 (1960).

Defendant also assigns as error the failure of the trial court to grant his motion for a new trial. He contends he did not receive a fair and impartial trial due to a remark made by the deputy county attorney in his closing arguments to the jury. Defendant made no objection to the argument at the trial. Hence, he waived the right to have it reviewed. State v. Evans, supra; State v. Boozer, 80 Ariz. 8, 291 P.2d 786 (1955).

The judgment is affirmed.

BERNSTEIN, C. J., UDALL, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.