377 P.2d 197

STATE of Arizona, Appellee,

v.

Howard Clay CHANCE, Appellant.

No. 1285.

Supreme Court of Arizona.

En Banc.

Dec. 31, 1962.

Rehearing Denied Feb. 5, 1963.

Robert E. Yount, Scottsdale, for appellant.

Robert W. Pickrell, Atty. Gen., Stirley Newell, Asst. Atty. Gen., and Charles N. Ronan, Maricopa County Atty., for appellee.

UDALL, Vice Chief Justice.

The defendant was tried and convicted on a charge of robbery of one Mulvey Van Natta which occurred on the 3rd day of December 1961. The record shows that Van Natta was the assistant manager of the

U-Totem Market at 19th Avenue and Campbell, in Phoenix, Arizona, and on the evening of December 3rd was alone in the store. He was robbed by a man with a small automatic pistol in his hand and wearing a partial disguise of a hat and adhesive tap across the bridge of his nose. The man told Van Natta to take all the cash from the register, together with his own billfold, and put them into a paper bag. The amount taken was over $200.

The complaining witness testified that in spite of the disguise he got a good look at the man's eyes and general appearance which became firmly fixed in his mind. Subsequently he went through two police mug files, one on the 10th of December and the other on the 16th of December. On the latter date he identified one of the pictures in the file as being that of the person who had robbed him on December 3rd. Prior to this identification he had never been shown any pictures of the defendant but made the identification strictly from his own memory of the looks of the defendant and, in particular, his eyes.

At the time defendant was arrested on December 13, 1961, he was driving a white over green 1956 Oldsmobile automobile in which he and a companion were riding. The record shows that two men were using this identical automobile in a robbery that took place at a market at 7th Street and Campbell on December 10th, one week after the robbery of Van Natta. In the robbery that took place on the 10th one of the men wore a hat, had adhesive tape over the bridge of his nose, and forced the proprietor at gunpoint to put the cash from the register, as well as his billfold, into a paper bag. An employee then ran out back of the store and saw two men hurriedly leaving in a white over green 1956 Oldsmobile automobile and as they passed the employee one of them shot at him from the right side of the car.

On the day of the robbery of December 10th it had been raining and the police were able to trace footsteps from the point where the Oldsmobile was parked back of the store to the front of the store and back again. The police were also able to identify the tread pattern of the four tires on the car which definitely established the fact that this particular Oldsmobile was the one used in the robbery committed at 7th and Campbell streets on December 10th. The car in defendant's possession at the time of his arrest matched exactly with the car that was used in the robbery of December 10th, as to year, make, color, tire-tread, and wear descriptions. Also it had a bullet-hole through the right side of the rear view window, and a .22 shell casing was found inside.

The defendant took the stand in his own behalf and by way of impeachment the state elicited from him the fact that he had pre-

viously been convicted of manslaughter, burglary and larceny. At the conclusion of the trial the defendant was convicted and he now appeals.

■ The defendant contends that the court "erred in admitting evidence relative to an alleged crime not related to the crime for which Defendant was on trial," and that this "was prejudicial to the Defendant, notwithstanding the fact that there was no evidence which might relate the Defendant to the second crime."

This assignment is without merit. The defendant was identified by the victim as the person who robbed the U-Totem Market on December 3rd, using the disguise of a hat and a tape across his nose and demanding that the clerk put the cash from the register and his own billfold into a paper bag. The record further shows that when the defendant was apprehended on December 13th he was in possession of the identical car that was used in the robbery of another grocery store in the same area on December 10th, and that the manner in which that crime was committed, together with the type of disguise used, was the same as that used at the time of the commission of the crime on December 3rd.

In State v. Francis, 91 Ariz. 219, 371 P.2d 97, 98 (1962), we said:
■

" * * * [W]here a crime has been committed * * * in a peculiar or unusual manner, evidence of recent similar acts or crimes by the accused committed by the same means or in the same manner are provable to identify the accused as an inference from the similarity of method."

and further,

" * * * [W]here the identity of the defendant is the question in issue, any fact which tends to establish the identity has probative value and if offered for that purpose is receivable. Other acts or crimes may be shown if they are relevant, regardless of their criminal character."

See also James v. State, 53 Ariz. 42, 84 P.2d 1081 (1938); Lawrence v. State, 29 Ariz. 247, 240 P. 863 (1925). In the instant case it was established that after the robbery the defendant was driving a car that was used in a robbery a week after the present crime was committed. Furthermore, the culprit used the same unusual disguise and method of operation in the robbery of December 10th as was used in the robbery on December 3rd. The weight to be given the evidence was a matter for the jury and the jury was instructed at the request of the prosecution that this evidence was to be considered for the limited purpose of identifying the defendant.

[2, 3] The defendant next claims the court erred in permitting the prosecution to dwell on the previous record of the defendant in his closing argument. The transcript shows that the prosecutor did refer to the fact that defendant had been impeached by prior convictions when he was discussing defendant's demeanor on the stand. There is nothing improper in discussing the evidence before the jury nor in calling the jury's attention to the defendant's demeanor while he was testifying. Taylor v. State, 55 Ariz. 29, 41, 97 P.2d 927 (1940).

Further, no objection was made by the defendant at the time the argument was made. It is a well settled principle of law that it is the duty of counsel and not the trial court to review objections to argument of counsel that are objectionable and that failure to so do constitutes a waiver of any right of review. State v. Silvas, 91 Ariz. 386, 372 P.2d 718 (1962); State v. Evans, 88 Ariz. 364, 356 P.2d 1106 (1960); State v. Boozer, 80 Ariz. 8, 291 P.2d 786 (1955). It is very evident that this assignment has no merit.

The verdict and judgment of the trial court is affirmed.

BERNSTEIN, C. J., and STRUCK-MEYER, JENNINGS, and LOCKWOOD, JJ., concur.