405 P.2d 456

**STATE of Arizona, Appellee,**

v.

**Charles MONKS, Appellant.***

**I CA–CR 29.**

Court of Appeals of Arizona.

Sept. 9, 1965.

Darrell F. Smith, Atty. Gen., by Gary Nelson, Asst. Atty. Gen., for appellee.

John J. Doherty, Phoenix, for appellant.

CAMERON, Judge.

The defendant, Charles Monks, was convicted by a jury of the crime of burglary in the nighttime as defined by A.R.S. Section 13–302, subsec. B. A motion for new trial was denied and the defendant brings this appeal.

The material facts stated as they must be, in the light most favorably to sustaining the conviction. State v. Smith, 91 Ariz. 49, 369 P.2d 901 (1962), are as follows.

On 26 March, 1963, the owner of the "Carnival Room", located on East Indian School Road, together with the bar manager, closed for the night and after checking to see that the premises were locked, left at about 1:30 a. m. They were accompanied by a member of the "Citizens Police Patrol", a private security agency.

At 4:55 a. m., the same morning, a silent burglar alarm was tripped on the premises. The alarm company's security patrol notified the manager, the owner and the police of the City of Phoenix. The police, the alarm company's security patrol, the manager and the owner, converged upon the

---

* This appeal was filed with the Arizona Supreme Court and assigned that Court's Number 1490. The matter was referred to this Court pursuant to Section 12–120.23 A.R.S.

premises within minutes after the alarm was tripped. Upon entering the building, running footsteps were heard from the direction of the second floor of the building. One patrolman saw several persons running down the outside stairway and noticed the attire of one. That patrolman started in pursuit as did another patrolman who had arrived and was outside the building. The second patrolman trained his flashlight on the fleeing figure and shouted for him to stop. The person continued to run until he stumbled and fell and was apprehended. This person was later identified as the defendant, Charles Monks. He was attired similarly to the person the first patrolman saw running down the outside stairway. He had only one shoe. His other shoe was later found some eight feet from the bottom of the outside stairway leading to the roof of the Carnival Room. Entry had been made to the upstairs offices of the Carnival Room by forcing open a window accessible from the roof.

The investigation of the premises revealed the forced window, a broken lamp, and broken locks on the door to the storage room and the door to the owner's office. The defendant denied entering the premises and claimed it was a case of mistaken identity.

 The first question raised by defendant on appeal is the sufficiency of the evidence to establish defendant's guilt of burglary beyond a reasonable doubt. The conviction of appellant was obtained largely on the basis of circumstantial evidence. Circumstantial evidence is competent in a criminal case, State v. Evans, 88 Ariz. 364, 356 P.2d 1106 (1960); Holder v. State, 31 Ariz. 357, 253 P. 629 (1927). However, to sustain a conviction based solely on circumstantial evidence, it is necessary that the evidence so offered should not only be consistent with guilt, but must exclude every reasonable hypothesis of innocence, State v. Cox, 93 Ariz. 73, 378 P.2d 750 (1963); State v. Tigue, 95 Ariz. 45, 386 P.2d 402 (1963), and State v. Cravin, 96 Ariz. 346, 395 P.2d 706 (1964).

 The defendant, in his brief, attempts to minimize each separate piece of evidence, but viewed as a whole it sustains the verdict of guilty. This Court will not substitute its judgment for that of the jury where the verdict finds substantial support in the evidence. State v. Evans, supra; State v. Wallace, 83 Ariz. 220, 319 P.2d 529 (1957); State v. Robinson, 89 Ariz. 224, 360 P.2d 474 (1961).

 The defendant next urges that the lower court erred in its instructions to the jury on the sufficiency of the circumstantial evidence. We have read the instructions given and find no error. However, no objection having been made by the trial counsel to the form of the instruction on circumstantial evidence, the question cannot now be raised on appeal by the appellant counsel. Rules of Criminal Procedure, 17 A.R.S. 495, Rule 272; Rules of Civil Procedure, 16 A.R.S. 493, Rule 51; State v. Griffith, 92 Ariz. 273, 376 P.2d 134 (1962); State v. Francis, 91 Ariz. 219, 371 P.2d 97 (1962); State v. Evans, supra.

 The defendant next urges that the lower court erred in failing to instruct the jury as to every degree of the crime of burglary. He argues that sunrise in Phoenix on the date of the commission of the crime was 6:24, and that although the burglar alarm rang at 4:55 a. m., there was no evidence placing the defendant at the scene of the crime until after sunrise. Burglary committed in the nighttime is burglary in the first degree, punishable by imprisonment for not less than one nor more than fifteen years. Burglary committed in the daytime is second degree burglary, punishable by imprisonment for not to exceed five years. Nighttime means the period between sunset and sunrise. A.R.S. Sections 13–301 and 13–302. While the defendant denied being in the building at all, the testimony of all parties concerned make it abundantly clear that the events both at the time of the entry and thereafter occurred between sunset and dawn or in the nighttime and not during daylight. The testimony of the defendant himself is suffi-

cient to indicate that he was apprehended in the nighttime and not in the daytime:

"Question: As you were running away from the office did you see anyone else running?

"Answer: (By the defendant) I seen two or three people up around the Carnival Room, I can't say how many. He turned his flashlight on and lit me in the face and it was hard to see anybody, I saw shadows of people."

The testimony of the other witnesses all indicate the use of lights, either headlights or flashlights, in and around the building up to the time the defendant was apprehended and the evidence clearly indicates that the defendant was either guilty of first degree burglary or by his denial, guilty of no crime at all. Our Supreme Court considered the question of when instructions on lesser offenses become necessary:

"Under our holdings, instructions on lesser offenses are justified only when there is evidence upon which the jury could convict of a lesser offense and, at the same time, find that the state had failed to prove an element of the greater crime." State v. Schroeder, 95 Ariz. 255, 259, 389 P.2d 255, 257 (1964).

We find no evidence from which it might appear that the defendant could be guilty of burglary in the second degree. He is guilty of burglary in the first degree or he is not guilty at all.

Lastly, appellant complains of the failure of the trial court to submit written forms of verdict embodying burglary in the second degree. The trial court submitted two forms of verdict: (1), guilty of burglary first degree, and (2) not guilty of burglary first degree. Our Supreme Court has stated as follows:

"Although the law does not make it the duty of the court to submit forms of

verdict to the jury, when he does do so, he should give a form of every kind of a verdict that may possibly be returned by the jury." State v. Griffith, supra, 92 Ariz. 273, 275, 376 P.2d 134, 135 (1962).

In the case at bar, it does not appear that the absence of the form of verdict suggested by defendant prejudiced his right. His sole defense is that he was not the man involved, that the complaining witness had made a mistaken identification. As we have previously stated, there is no evidence in the record to support defendant's argument that the burglary could have been committed in the daytime. It follows that there is no evidence to support submitting a verdict to the jury on second degree burglary, let alone require one. State v. Griffith, supra, 92 Ariz. 273, 275, 276, 376 P.2d 134 (1962).

The judgment of the lower court is affirmed.

STEVENS, C. J., and DONOFRIO, J., concur.