420 P.2d 582

**STATE of Arizona, Appellee,**

v.

**Robert Jesse COURY and Moses Coury, Jr.,**
**Appellants.**

**No. I CA–CR 72.**

Court of Appeals of Arizona.
Dec. 7, 1966.
Rehearing Denied Feb. 20, 1967.
Review Denied March 14, 1967.

Darrell F. Smith, Atty. Gen., by Gary K. Nelson, Asst. Atty. Gen., for appellee.

Lester S. Hoyle, Phoenix, for appellants.

CAMERON, Judge.

This is an appeal from a verdict and judgment of guilty to the crime of receiving stolen property (13–621 A.R.S.).

Defendants contend that the court committed error in (1) admitting into evidence a certified copy of a previous judgment of guilt as to Moses Coury, Jr., and (2) denying defendants' motion for new trial based upon the County Attorney's comments to the jury concerning defendant Moses Coury, Jr.'s, prior conviction.

At the trial both defendants took the stand in their own behalf. During the cross-examination of Moses Coury, Jr., the following colloquy took place:

"Question (by prosecuting attorney): On the 26th day of December, 1961, were you convicted of the crime of attempted grand theft, a felony, in Maricopa County?

"Answer (by Coury): I don't remember.

"Question: You don't remember?

"Answer: No, sir."

The County Attorney then offered in evidence a certified copy of a "Judgment of Guilt" dated 10 January 1962, in the Maricopa County Superior Court, a matter entitled, "State of Arizona vs Moses Coury, Jr.", and containing criminal case number "38979".

Defendants contend that the prior conviction must be proved by facts independent of the record. This is not the law

**340**

in Arizona where the prior conviction is offered for impeachment purposes. In State v. Cobb, 2 Ariz.App. 71, 76, 406 P.2d 421 (1965), this Court quoted with approval from an Illinois decision stating:

"'* * * In the trial of a criminal case, the record of a prior conviction of an infamous crime may be introduced for impeachment purposes. In such case proof of such conviction need not be made beyond a reasonable doubt and the presumption arising from the identity of names will be sufficient. * * *'" People v. Casey, 399 Ill. 374, 77 N.E.2d 812, 11 A.L.R.2d 865 (1948).

In closing argument, the County Attorney discussed the impeachment evidence as follows:

"If you believe that he is a convicted felon, you can take that to be used against him as to his credibility and the Judge will so instruct you."

■ Defendants objected to these remarks and moved for a mistrial, which motion was denied by the trial court. Our Supreme Court has stated:

"The defendant next claims the court erred in permitting the prosecution to dwell on the previous record of the defendant in his closing argument. The transcript shows that the prosecutor did refer to the fact that defendant had been impeached by prior convictions when he was discussing defendant's demeanor on the stand. There is nothing improper in discussing the evidence before the jury nor in calling the jury's attention to the defendant's demeanor while he was testifying." State v. Chance, 92 Ariz. 351, 354, 377 P.2d 197, 198 (1962).

The record of prior conviction having been properly admitted for purposes of impeachment, the County Attorney's comments were not error.

Judgment and conviction is affirmed.

STEVENS, C. J., and DONOFRIO, J., concur.