453 P.2d 519

**STATE of Arizona, Appellee,**

**v.**

**Bernard FRAND, Appellant.**

**No. 1871.**

Supreme Court of Arizona.
In Division.

April 24, 1969.

Rehearing Denied May 20, 1969.

**374**

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., for appellee, State of Arizona.

Vernon B. Croaff, Maricopa County Public Defender, by Bernard Dougherty, Deputy Public Defender, for appellant.

UDALL, Chief Justice:

Bernard Frand, hereinafter defendant, brings this appeal from a conviction of forgery with two prior convictions.

The facts indicate that Virgil Brown passed away on March 31, 1966. After his death his widow placed some of his personal effects, i. e. his wallet, identification, checkbook, etc., in a dresser drawer. Sometime in June, 1966 she noticed that the checkbook and wallet were missing. On July 2, 1966, defendant made a purchase from La Duc's Auto Supply and paid for it with a check upon which was printed, "Mr. or Mrs. Virgil D. Brown", and which was signed "Virgil D. Brown". The check was in the amount of $35.13. On July 7, 1966 defendant was arrested in Phoenix, Arizona with Virgil Brown's wallet and checkbook in his possession. He was charged with forgery, A.R.S. § 13–421, with two prior convictions, and found guilty by a jury.

Defendant's sole defense consisted of an alibi. A female friend who was living in Escondido, California on the date of the charged offense testified by deposition that defendant was with her in Escondido all day on July 2, 1966. To rebut the alibi evidence the state introduced two exhibits, both of which were taken from defendant at the time of his arrest. The first exhibit was a Shell Oil credit card issued to Virgil Brown and the second consisted of several gas receipts signed "Virgil Brown". Three of the receipts were issued on July 2, 1966 and indicated that defendant purchased gas with the stolen card in Ontario and Blythe, California, and Phoenix, Arizona. The defendant made the following objection to the introduction of the exhibits into evidence: "The defense will object to the admission of State's Exhibit No. 6 and 7, there is no foundation, its irrelevant and immaterial." The objection was overruled.

Defendant contends that the Court erred in admitting the exhibits because they were evidence of an unrelated crime. That issue was not raised at the trial. "We have repeatedly held that matters which were not raised in the lower court will not be considered as grounds for reversal in this Court." State v. Armstrong, 103 Ariz. 174, 438 P.2d 411 (1968); State v. Taylor, 99 Ariz. 85, 407 P.2d 59, cert. denied 384 U.S. 979, 86 S.Ct. 1878, 16 L.Ed.2d 689; State v. Evans, 88 Ariz. 364, 356 P.2d 1106. However, the evidence was clearly admissible as coming within the identity exception to the general rule barring evidence of other unrelated bad acts of the defendant. The presence of the credit card and receipts on defendant's person at the time of his arrest identified him with the crime for which he was being prosecuted. State v. Chance, 92 Ariz. 351, 377 P.2d 197 (1962).

Affirmed.

LOCKWOOD, V. C. J., and McFARLAND, J., concur.