455 P.2d 443

**The STATE of Arizona, Appellee,**

v.

**Charles Edward TURNER, Appellant.**

**No. 1921.**

Supreme Court of Arizona.

In Banc.

June 11, 1969.

Rehearing Denied July 15, 1969.

Gary K. Nelson, Atty. Gen., Carl Waag, Sp. Asst. Atty. Gen., for appellee.

Paul W. Colarich, Jr., Tucson, for appellant.

McFARLAND, Justice:

Charles Edward Turner (hereinafter referred to as defendant) was tried and convicted of the crime of unlawful sale of marijuana in violation of A.R.S. § 36-1002.07, and was sentenced to a term of five to six years in the state prison. He appeals from the judgment and from an order of the trial court denying his motion for a new trial.

On September 3, 1967, State Narcotics Agent Heinze, together with an informer, McKinzie, approached defendant with a request to purchase narcotics. The agent gave defendant six dollars, and eventually received from him a matchbox containing a substance which was analyzed as being marijuana.

During the course of the State's case in chief, Agent Heinze was permitted—over the objection of the defense—to testify to an event which occurred some two or three weeks after the commission of the crime. Apparently still unaware that Heinze was a State narcotics agent, defendant approached him and asked if he, Heinze, "wanted to pick up some more stuff." The agent was not permitted to testify as to what "stuff" meant, but the implication was manifest that it referred to marijuana. Defendant assigns as error the admission of this testimony on the grounds that there was no "clear and convincing" or "substantial proof" that the later incident constituted a crime. He acknowledges that the testimony was offered and admitted for the purpose of proving a "scheme, plan, intent,

and knowledge." In support of his position that "other incidents" must be supported by clear and convincing evidence that they constitute a crime, defendant relies solely on our decision in State v. Hughes, 102 Ariz. 118, 426 P.2d 386.

■ As stated in Hughes, supra:

"* * * the law is * * * well settled that evidence of other crimes is competent when it tends to establish motive, intent, absence of mistake or accident, identity and common scheme or plan." See State v. Hardin, 99 Ariz. 56, 406 P.2d 406 (1965); State v. DeVinney, 98 Ariz. 273, 403 P.2d 921 (1965); State v. Akins, 94 Ariz. 263, 383 P.2d 180 (1963); [State v. Chance, 92 Ariz. 351, 377 P.2d 197] State v. Daymus, 90 Ariz. 294, 367 P.2d 647 (1961).

The State, in Hughes, supra, introduced circumstantial evidence of defendant's intent to murder prior to the time of the alleged crime. The Court held that when circumstantial evidence is the only evidence presented as to the prior crime, it can be considered as proof of a crime only when it is consistent with the theory of guilt of the defendant, and is inconsistent with every reasonable hypothesis of innocence. This Court, after a careful examination of the record in Hughes, found that the acts complained of were just as consistent with a theory of defendant's innocence as of his guilt, and held that the evidence should not have been allowed.

This Court has allowed evidence of recent acts or crimes of the accused by the same means or similar manner before or after the commission of the crime charged which are provable for the purpose of identification of the accused or for the purpose of showing scheme, plan, intent, and knowledge. State v. Chance, 92 Ariz. 351, 377 P.2d 197; State v. Francis, 91 Ariz. 219, 371 P.2d 97. State v. Daymus, 90 Ariz. 294, 367 P.2d 647.

The holding in Hughes, supra, is not applicable to the facts in the instant case. In that case, the crime attempted had purely circumstantial evidence, while in the instant case it was direct evidence. Defendant approached Heinze in his car, and after asking him how he was and how he was feeling, the following conversation occurred:

Q Were you in the same outfit and—how were you dressed on this particular occasion?

"A Similarly to the way I was dressed on the first occasion.

"Q Did the defendant say anything else to you?

"A Yes, he asked me if I wanted to pick up some more stuff.

"Q What does 'stuff' mean in the jargon?"

While the court did not permit the agent Heinze to give his interpretation of the word "stuff" it was unnecessary for the reason that the word "more" was explanatory, the inference being that he was referring to the same thing he had previously sold to Heinze.

■ The counsel for defendant in cross-examination of the State's witness injected a defense of entrapment. An instruction on entrapment was given. Therefore the evidence was admissible not only to show scheme, plan, intent, and knowledge, but also to show defendant's state of mind in entering the transaction, as rebuttal of his defense of entrapment. State v. Vallejos, 89 Ariz. 76, 358 P.2d 178. In United States v. Santore, 164 F.Supp. 362, 366, (E.D.Pa.) [Affirmed, 3 Cir., 270 F.2d 949], the Court stated:

"B. The defense of entrapment being based on the predisposition of the defendant to commit the particular type of crime involves the proof of his state of mind in entering into the transaction. See Sorrells v. United States, 1932, 287 U.S. 435, 451, 53 S.Ct. 210, 216, [77 L. Ed. 413,] where the court said:

"* * * and if the defendant seeks acquittal by reason of entrapment he cannot complain of an appropriate and searching inquiry into his own conduct and predisposition as bearing upon

that issue. If in consequence he suffers a disadvantage, he has brought it upon himself by reason of the nature of the defense.'

"A defendant's state of mind may be shown by events reasonably contemporaneous with, even though after, the event, since such events justify an inference as to his state at the time of the crime charged in the indictment. See 2 Wigmore on Evidence (3d Ed.1940) §§ 302 (p. 196) and 316; * * *"

We therefore hold that the testimony was admissible.

Defendant further contends that the trial court erred in not granting defendant a new trial. He relies on two affidavits executed by William Pitt McKinzie, the witness to the events surrounding the alleged unlawful sale of marijuana. Defendant argues that the matters contained in the affidavits, if believed, would establish that defendant was entrapped into committing the crime in question.

At the hearing on defendant's motion for new trial McKinzie, called as a witness for the State, repudiated most of the material portions of his affidavits; the following testimony of McKinzie was elicited by counsel for the State:

"Q I have read to you the complete affidavit, Willie. Why did you sign this affidavit?

"A Why did I sign it?

"Q Yes.

"A Because I taken the man at his word.

\* \* \* \* \* \*

"Q You took what man at his word?

"A Him (indicating).

"Q You are pointing to Mr. Colarich?

"A Yes.

"Q What word?

"A I never even tried to read it. He said 'Let's go in by ourselves.' So we go in the attorneys' room and he writes it out and then I signed it. He comes back out the next day with it typed up. Then I signed it.

"Q What do you mean you took him at his word?

"A Trusted him. I didn't know he would put that on there."

■ As has been often repeated by this Court:

"On an appeal from an order denying a new trial to the defendant in a criminal case, the matter is largely one of discretion with the trial court, and the denial will not be grounds for reversal unless it appears affirmatively that the court abused its discretion, and acted arbitrarily." State v. Blankenship, 99 Ariz. 60, 64, 406 P.2d 729. See also State v. Turner, 92 Ariz. 214, 375 P.2d 567; State v. Bogard, 88 Ariz. 244, 354 P.2d 862; State v. Love, 77 Ariz. 46, 266 P.2d 1079.

In Blankenship, supra, 99 Ariz. at page 65, 406 P.2d at p. 732, we said:

"* * * The general rule is stated in 2 Underhill's Criminal Evidence (5th Ed.), § 433, at pages 1098–1099:

" 'The new evidence must be such as would have probably resulted in the acquittal of the accused had it been produced at the trial, and it is therefore necessary that it shall appear to the court hearing the motion that it is probably true. The witness who is expected to testify must appear to the court to be credible. His credibility is to be determined by the judge hearing the motion. * * * The refusal of a new trial for newly-discovered evidence on an affidavit incredible in view of the claim made and evidence at the trial is not error.'

"This court, in the early case of Talley v. State, supra [18 Ariz. 309, 159 P. 59], stated:

" 'The affidavits are so widely at variance with the actual facts as they were told on the trial that we think they may be wholly discredited. * * *

" 'The learned judge who heard all of the evidence was well qualified to pass upon the weight and sufficiency of the

affidavits, and we are satisfied that his disposition of them was correct.' "

 The trial judge was in a much better position than we are to determine the weight to be given the affidavits and whether or not the testimony set forth in them would probably change the result in case of a new trial. Under the circumstances noted in this opinion, and the well-recognized discretion which rests with the trial court in the determination of whether or not to grant a motion for new trial, we hold that the trial court did not abuse its discretion in failing to grant defendant's motion for a new trial.

Judgment affirmed.

UDALL, C. J., LOCKWOOD, V. C. J., and STRUCKMEYER and HAYS, JJ., concur.