496 P.2d 131

**STATE of Arizona, Appellee,**

v.

**Alce Benny COWARD, Appellant.**

No. 2329.

Supreme Court of Arizona,
In Banc.
May 1, 1972.

Rehearing Denied May 23, 1972.

———

Gary K. Nelson, Atty. Gen., Phoenix, and Robert R. Bean, Pinal County Atty., Florence by James E. Don, Chief Deputy County Atty., Casa Grande, for appellee.

Wood, Platt & Jenson by Dennis D. Jenson, Coolidge, for appellant.

STRUCKMEYER, Justice.

Appellant, Alce Benny Coward, was charged with murdering one Patsy Antone.

He entered a plea of not guilty and, after a trial, the jury returned a verdict of murder in the second degree. From the conviction and sentence, he appeals. Judgment affirmed.

Appellant asserts first a double proposition to the effect that it was error for the trial court to fail to direct a verdict in his favor on the charge of murder in the first degree, and that it was error for the court to permit the jury to return a verdict of murder in the second degree. Appellant's present counsel was not his trial counsel, and on appeal, these propositions are raised for the first time. At the trial, appellant did not test the sufficiency of the evidence as to the charge of either first or second degree murder, either by motion for directed verdict of acquittal or for a new trial.

■ Claims of error will not be considered on appeal where the trial court has not been given the opportunity to rule on an issue so as to correct the possible errors. State v. Deschamps, 105 Ariz. 530, 533, 468 P.2d 383, 386 (1970). Moreover, no objection was made to the court instructing the jury on first and second degree murder. Errors or omissions in the giving of instructions which were not raised at trial will not be considered unless the error is so fundamental that it is manifest the defendant did not receive a fair trial. State v. Norgard, 103 Ariz. 381, 383, 442 P.2d 544, 546 (1968); State v. Baca, 102 Ariz. 83, 87, 425 P.2d 108, 112 (1967); State v. George, 95 Ariz. 366, 370, 390 P.2d 899, 902 (1964); State v. Griffith, 92 Ariz. 273, 276, 376 P.2d 134, 136 (1962).

Appellant has asked this Court to examine the complete record to determine if it is free from fundamental error. We have examined the record and the transcript of the evidence introduced at the trial, and we find nothing which would constitute fundamental or prejudicial error. The record amply sustains a conviction for second degree murder.

■ Murder is defined by A.R.S. § 13–451, subsec. A as "the unlawful killing of a human being with malice aforethought." Malice aforethought may be implied when no considerable provocation appears or when the circumstances attending the killing show an abandoned or malignant heart, A.R.S. § 13–451, subsec. B. By A.R.S. § 13–452, all murders are of the second degree where not perpetrated by those means enumerated in the statute or are not willful, deliberate and premeditated.

■ Without going extensively into detail, these are the facts which we deem sufficient to support a conviction for second degree murder. The asserted victim of this homicide, a 56-year-old Indian woman, was apparently assaulted in a small shed approximately one-half block off of the main street of Casa Grande, Arizona. Appellant was seen dragging her toward his automobile, parked nearby. She was at that time unconscious and in a nearly nude condition and had been badly beaten. There was blood both inside the shed and upon the appellant's clothing which was of the same type as the victim's blood. The appellant's hands and knuckles revealed fresh abrasions.

Prior to the finding of the victim, the appellant had been playing pool at a bar in Casa Grande, Arizona with one Darrell Adams, the principal witness for the State. Appellant left the bar for a period of time, and Adams thereafter left, looking for him. When Adams found appellant, he saw blood on appellant's shirt, face and hands. Appellant and Adams then went to another bar, where appellant washed his hands and face. Later, at about the time the bar closed, they left together in appellant's automobile. Appellant drove to the entranceway of an alley, where he stopped the automobile and walked over to the shed in which the victim was lying. He took hold of the victim's arm and tried to get her

up, slapped her face, and then started to drag her toward his car. At this point, an officer from the Casa Grande Police Department, who was checking for drunks, approached and both Adams and the appellant were arrested.

We think this evidence justifies the jury in believing that appellant committed an assault upon the victim, inflicting the injuries from which she subsequently died. The facts of the homicide strongly suggest as a minimum the commission of second degree murder, since the circumstances attending the killing support the inference of an abandoned or malignant heart.

■ Appellant raises one further point. Two photographs, State Exhibits 5 and 19, were admitted into evidence. State Exhibit 5 is a photograph of the inside of the shed in which the victim's body had been lying. It shows what the testimony describes as a blood spot partially on the floor and partially on the base of the wall next to the floor of the shed. Appellee's Exhibit 19 is an enlarged photograph of the blood spot in color. We think these photographs could have assisted the jury in understanding some of the circumstances which were otherwise only described in oral testimony. They are, in our opinion, in no way gruesome or inflammatory and would not tend to prejudice the appellant in the minds of the jurors. The introduction of exhibits at a trial to be prejudicial and reversible error, must be inflammatory or gruesome. State v. Chambers, 102 Ariz. 234, 237–238, 428 P.2d 91, 94–95 (1967); State v. Goodyear, 98 Ariz. 304, 316–317, 404 P.2d 397, 405–406 (1965), reversed on other grounds, 100 Ariz. 244, 413 P.2d 566 (1966); State v. Sherrick, 98 Ariz. 46, 59–60, 402 P.2d 1, 10 (1965), cert. denied, 384 U.S. 1022, 86 S.Ct. 1938, 16 L.Ed.2d 1024 (1966).

Judgment affirmed.

.HAYS, C. J., CAMERON, V. C. J., and LOCKWOOD and HOLOHAN, JJ., concur.