498 P.2d 575

**STATE of Arizona, Appellee,**

v.

**Dale Lee MATHEWSON, Appellant.**

**No. 1 CA–CR 395.**

Court of Appeals of Arizona, Division 1, Department A.

July 6, 1972.

Rehearing Denied Sept. 19, 1972.

Review Denied Oct. 17, 1972.

Gary K. Nelson, Atty. Gen. by Albert M. Coury, Asst. Atty. Gen., for appellee.

Ross P. Lee, Public Defender for Maricopa County by James H. Kemper, Deputy Public Defender, for appellant.

STEVENS, Presiding Judge.

The jury returned a verdict finding Dale Lee Mathewson, herein referred to as the defendant, guilty of the crime of aggravated assault. His motion for a new trial was denied as were his motions for a directed verdict at the close of the State's case and at the close of all of the evidence. He was adjudged guilty and sentenced to the Ari-

zona State Prison for a term of not less than four years and not more than five years to date from the date of his incarceration in the Maricopa County Jail. A timely appeal was perfected.

The information charged the defendant with the offense of an assault with a deadly weapon. The trial court instructed on the charged offense and on the offense of aggravated assault, the court submitting forms of verdict as to these offenses as well as a not guilty form of verdict. On this appeal it is urged that the offense of aggravated assault is not a lesser offense included within the charge of the offense of an assault with a deadly weapon.

We review the evidence in the light most favorable to sustaining the verdict and judgment of guilt.

Very briefly, the defendant and one Gary Roger Brazil were cell mates in the Maricopa County Jail for a short time prior to the night of 19–20 June 1970. The two men were the only ones in the cell. The defendant smoked and had matches. Brazil did not smoke. In the early morning hours Brazil awoke, his pant legs were on fire and he sustained second and third degree burns which required skin grafts. Later the defendant signed a written confession and his counsel made a motion to suppress the same. The trial court properly denied the motion. The confession was admitted into evidence in the trial. Error in this regard is not urged. The defendant took the stand and while admitting that he wrote the confession, he attempted to explain it away. The jury apparently did not believe his explanation. There was sufficient circumstantial evidence to sustain the judgment of guilt without considering the confession. State v. Harvill, 106 Ariz. 386, 476 P.2d 841 (1970).

Before trial the defendant was given an examination pursuant to A.R.S. § 13–1621. There were medical reports and there was an evidentiary hearing before the trial. All issues were resolved in favor of the State and no issue is made of this resolution on the appeal, nor do we believe there was any error.

The information charged, in part, as follows:

"The said DALE LEE MATHEWSON, on or about the 20th day of June, 1970, and before the filing of this Information at and in the County of Maricopa, State of Arizona, while armed with a gun or deadly weapon, assaulted Gary Roger Brazil by means or force likely to produce great bodily injury, all in violation of A.R.S., Section 13–249, as amended 1967; * * *."

A.R.S. § 13–249 reads as follows:

"A. A person who commits an assault upon the person of another with a deadly weapon or instrument, or by any means or force likely to produce great bodily injury, shall be punished by imprisonment in the state prison for not less than one nor more than ten years, by a fine not exceeding five thousand dollars, or both.

"B. A crime as prescribed by the terms of subsection A, committed by a person armed with a gun or deadly weapon, is punishable by imprisonment in the state prison, for the first offense, for not less than five years, for a second offense, for a third or subsequent offense, not less than twenty years nor more than life imprisonment, and in no case, except for first offense, shall the person convicted be eligible for commutation of sentence."

In the defendant's motions for a directed verdict he strenuously urged the absence of a "gun or deadly weapon" and further urged that the match used to light Brazil's clothing cannot be classified as a deadly weapon. In our opinion the motions for a directed verdict were properly denied under A.R.S. § 13–249, subsec. A for the reason that the assault by the use of fire was a " * * * means * * * likely to produce great bodily injury * * *" to Brazil.

In the argument of the motions the defendant did not concede that the offense of

aggravated assault was a proper charge but suggested that at most aggravated assault might be a proper charge. A.R.S. § 13-241, subsec. A defines an assault as follows:

"An assault is an unlawful attempt, coupled with a present ability, to commit a physical injury on the person of another."

and A.R.S. § 13-245, subsec. A, as that statute read at the time of the alleged offense provided in part as follows:

"A. An assault * * * is aggravated when committed under any of the following circumstances:

* * * * * *

"5. When a serious bodily injury is inflicted upon the person assaulted."

The instructions defining the offenses and the forms of verdict which were submitted complied with the statutes herein quoted.

The first question we face is whether a proper record was made to enable the defendant to raise the issue as to the instruction and the form of verdict in relation to the offense of aggravated assault. There was a preliminary hearing whereby the defendant and his counsel were fully informed as to theory and as to the facts of the State's case.

As hereinbefore stated, on the argument of the defendant's motions for a directed verdict the defendant urged that at most the charge should be one of an aggravated assault. Apparently in the interest of saving time the settling of the instructions and the forms of verdict and the exceptions thereto were reserved until after the completion of the giving of the instructions. Criminal Rule 272, 17 A.R.S. read in conjunction with Civil Rule 51(a), 16 A.R.S., requires that objections to instructions be made before the jury retires and in our opinion it is generally advantageous that the record be then made.

During the course of the argument to the jury the defense urged that while the evidence did not support a verdict of guilt, at most the evidence supported a verdict of guilt as to the offense of aggravated assault. At the conclusion of the instructions and before the jury retired the record reflects the following:

"(THE COURT) Do counsel have additions or corrections to the instructions as just read?

"MR. DAIRMAN: (For the State) The State has none, your Honor.

"MR. DERICKSON: (For the Defendant) Defense has none, your Honor."

Thereafter the trial judge and counsel met to perfect the record as to any objections to the instructions. Therein we find:

"(THE COURT) The record may also reflect that the instruction on the lesser included offense was given at the request of each counsel in this matter that it be given on aggravated battery (assault) as a lesser included offense.

"Mr. Dairman and Mr. Derickson, if you have objections, for the record, would you go with Bridget to her office to make those objections now?

"MR. DAIRMAN: Perhaps the record should be clear, the defense requested the lesser included instruction and the State did not object.

"THE COURT: Thank you, Mr. Dairman for correcting that.

"MR. DERICKSON: To make the record more clear, I don't believe I did ask for it, I believe I asked for a discussion of the Aggravated Assault Statute and that after discussing it I believe it was Mr. Dairman's first statement that he wouldn't object to its inclusion and I certainly didn't object to its inclusion.

"MR. DAIRMAN: Well, I'm indicating I never requested it whatsoever in any way.

"THE COURT: The record may stand. Have you further objections to make, Mr. Dairman?

"MR. DAIRMAN: No, your Honor.

"THE COURT: Mr. Derickson, have you any further objections to make?

"MR. DERICKSON: Nothing involving instructions."

From the foregoing it is clear that both counsel agreed that instructions on the offense of aggravated assault were appropriate and that neither counsel objected to the giving of instructions on this offense.

In arguing the motion for a new trial defense counsel urged:

"I would only highlight the two specifics of the trial which, in my mind, caused Mr. Mathewson to have an unfair trial: No. 1, that the Court should have granted the Motion for a Directed Verdict on the issue of deadly weapon. Then, since the motion was not granted, a separate form of verdict for aggravated assault was submitted to the jury and, as I feared, a compromise settlement of the case * * *."

At the time of sentence the trial court made the following comment:

"The original charge in this matter was Assault with a Deadly Weapon. At the time of settling instructions, counsel requested an instruction on Aggravated Assault."

We hold that the record not only fails to reflect appropriate objections to the instructions as to the offense of aggravated assault, an essential prerequisite to raising the issue on appeal (See State v. Wheeler, 108 Ariz. 338, 498 P.2d 205 decided 15 June 1972, which case cites State v. Coward, 108 Ariz. 270, 496 P.2d 131, 132 (1972)) but that there was an affirmative acquiescence in the giving of the instruction and submitting the issue.

It is our opinion that we need not reach the technical question as to whether an aggravated assault is a lesser included offense in the crime of assault with a deadly weapon. The defendant had full notice of the nature of the evidence by the preliminary hearing. The evidence fully supported the verdict finding the defendant guilty of the offense of aggravated assault. We find an absence of fundamental error.

Examining the record from the point of view of the lack of objections to the instructions; from the point of view of fundamental error and the absence thereof; from the point of view of the sufficiency of the evidence to sustain the verdict and judgment of guilt; and from our overall review of the record pursuant to A.R.S. § 13-1715, we find an absence of error. The defendant was well and vigorously defended.

Affirmed.

CASE and DONOFRIO, JJ., concur.