PODELL, Plaintiff in error, vs. THE STATE, Defendant in error.

*April 14—June 25, 1938.*

*Jacob S. Rothstein,* attorney, and *Joseph A. Padway* of counsel, both of Milwaukee, for the plaintiff in error.

For the defendant in error there were briefs by the *Attorney General, J. E. Messerschmidt,* assistant attorney general, and *Milton Meister,* district attorney of Washington county, and oral argument by *Mr. Meister* and *Mr. Messerschmidt.*

The following opinion was filed May 17, 1938:

FOWLER, J.   The plaintiff in error, hereinafter referred to as the "defendant," was convicted in the circuit court for Washington county of the offense of embezzlement and sentenced to imprisonment in the state's prison at Waupun for the term of one year.   He assigns as error, (1) refusal of the court to discharge him because the evidence was insufficient to constitute the offense of embezzlement; and (2) refusal to discharge him because the circuit court for Washington county was without jurisdiction to try him.

(1)   Under (1) two claims are made: (a) That the crime committed was larceny, and that proof of larceny will not support a conviction for embezzlement; and (b) that the complainant gave the defendant permission to use the money claimed to have been embezzled.

(a)   The defendant received in Milwaukee a check for $1,100 drawn on the First Wisconsin National Bank of Milwaukee payable to the order of the complainant, cashed it at that bank, and deposited the cash in his own name and to his own credit in another Milwaukee bank in which he kept an account and checked it out and applied it to his own

personal uses. The claim that the offense committed was larceny is based upon the contention that the defendant forged the complainant's signature to the check. But whatever of merit this claim might otherwise have is refuted by the fact, expressly found by the court, that the name of the complainant was indorsed on the check by the complainant himself. This finding is supported by the defendant's testimony that the complainant indorsed the check in his presence; the fact, as the trial judge expressly stated, that the handwriting of the complainant's name on the back of the check resembled his admitted signature made at the same time that the defendant states the check was indorsed by complainant; and the following testimony of complainant: "That signature [his name indorsed on the check] looks like mine, only the first name I usually write bigger; otherwise it looks a good deal like my signature." "I do not remember placing my name there." "Maybe I signed it and maybe I didn't." "I never saw the check before." The inference that complainant signed the check receives some support from the statement of defendant's attorney, made at commencement of the trial on asking for a continuance, that he had "contacted" two expert witnesses, whose attendance he desired, Mr. Tyrrell and Mr. Spencer, both of whom he said were sick, who he said would testify to the "authenticity" of complainant's signature on the check. On the trial the defendant made no contention that the complainant did not sign the check, but contended that he (the defendant) had not committed any offense at all.

(b) The defendant is an "adjuster" of personal injury claims and resides in Milwaukee. The complainant resides in Washington county and had a claim for personal injuries sustained in an automobile collision. The defendant "contacted" complainant when he was confined by his injuries in a hospital, and later at his home. The complainant accepted the defendant's offer to handle the claim for twenty-five per

cent of the recovery, and discharged an attorney he had previously employed. The defendant adjusted the claim with the insurer of the person who complainant claimed was responsible for his injuries. The insurer agreed to pay $1,100 in settlement, prepared a release of claim in duplicate, and handed the duplicates and the check above described to the defendant with instructions to deliver the check to the complainant on his signing the duplicate releases and leaving one of them with the defendant for delivery to the insurer. The complainant signed the duplicate releases and the defendant delivered one of them to the insurer. This clearly enough made the defendant the agent of the complainant for the collection of his claim, and the bailee of the complainant's portion of the avails of the check the defendant cashed. The defendant claimed in his testimony that the complainant gave him permission to use his (complainant's) portion of the fund until he (complainant) wanted it to buy an automobile, but the complainant denies this, and the trial judge might rightly believe the complainant, as he manifestly did. The complainant testified that he several times made demand for payment of the fund converted by the defendant, but was put off by various excuses, some of which were palpably false, and the falsifying bore materially on the fraudulent intent involved in embezzlement. All elements of the offense were thus clearly proved. Sec. 343.20, Stats. On the complainant's filing the complaint the defendant immediately telegraphed $400 to a bank at Hartford, in Washington county, with an accompanying statement that $375 would be sent the following day, but no more was sent. The complainant refused to accept the $400 unless all was sent, and the $400 was returned to the defendant. This belated attempt to pay a part of the embezzled funds to the complainant after the prosecution was commenced of course constituted no defense to the offense which had been previously completed.

(2) The contention under this head is that the court was without jurisdiction because the venue was erroneously laid in Washington county. There is confusion among the adjudicated cases as to where the venue in embezzlement cases may be or must be laid. It is stated in 1 McClain, Criminal Law, p. 659, §.650, that: "If, however, the crime charged consists in the failure to account, the venue should be laid in the county where defendant was under obligation to account, or declined to do so on proper demand." The following cases more or less directly support the rule above stated: *Hopkins v. State,* 52 Fla. 39, 42 So. 52; *People v. Davis,* 269 Ill. 256, 110 N. E. 9; *Kossakowski v. People,* 177 Ill. 563, 53 N. E. 115; *State v. Hengen,* 106 Iowa, 711, 77 N. W. 453; *State v. Maxwell,* 113 Iowa, 369, 85 N. W. 613; *State v. Bailey,* 50 Ohio St. 636, 36 N. E. 233; *Rex v. Taylor,* 127 Eng. Reprint, 322; *Reg. v. Rogers,* 3 Am. Crim. Rep. 503; *Reg. v. Murdock,* 5 Cox C. C. (Eng.) 360. We consider the rule is reasonable. Without such rule, in many cases where embezzlement of funds is clear, there could be no conviction because of impossibility to prove just when and where the agent actually converted the funds or formed the intent to defraud, as in the case of an agent traveling through many counties bound to report collections and pay over funds collected at his principal's place of business at stated intervals. This rule was impliedly adopted in effect by this court in *Dix v. State,* 89 Wis. 250, 61 N. W. 760. Defendant's counsel seems to concede that this case holds that where funds of a principal collected by his agent are embezzled, and the agent is bound by contract to pay to the principal at a particular place, and a demand for payment is made at that place by the principal, and the agent fails to turn over the funds, the venue is properly laid in the county of that place. We consider that such concession is justified, and that the facts of this case bring it within the rule conceded. From the testimony of the complainant it

appears that the defendant agreed on June 29th when the release was signed to bring the "check" to him at his home in Washington county, and pay him his part of the money at the bank at Hartford, and that on learning that the defendant had cashed the check on June 29th he demanded his part of the money when the defendant was at his home. The defendant then promised he would bring out the money on the following Wednesday or Thursday, but had not brought it or any of it when the prosecution was commenced. Moreover, it is stated in *Prinslow v. State,* 140 Wis. 131, 132, 135, 121 N. W. 637, that the rule of the *Dix Case* applies only when a demand is necessary, and that demand is not necessary to prove "the fraudulent conversion of the money that constitutes the offense."

Counsel for the defendant contends that the *Dix Case* does not apply here because after that case was decided the provision, now the last sentence of sec. 343.20 (2), Stats., was enacted:

"The offense of embezzlement may be prosecuted and punished in any county in which the person charged had possession of the property or thing alleged to have been embezzled."

This provision was enacted by ch. 182 of the revisor's bill of 1897, and first appears at the end of sec. 4418, R. S. 1898. The provision does not have the effect claimed by counsel. It does not limit, but extends, the venue in embezzlement.

*By the Court.*—The judgment of the circuit court is affirmed.

A motion for a rehearing was denied, without costs, on June 25, 1938.