State, Respondent, vs. Legg, Appellant.

*May 21—June 16, 1943.*

*Paul Griffith* of Madison, for the appellant.

For the respondent there was a brief by the *Attorney General, William A. Platz,* assistant attorney general, and *Norris E. Maloney,* district attorney of Dane county, and oral argument by *Mr. Platz* and *Mr. Maloney.*

FRITZ, J.    On the trial, which resulted in the conviction of the defendant, he did not testify.    In so far as material for the consideration of the errors assigned by defendant, it suffices to note the following facts established conclusively by the uncontradicted proof offered by the state, which can be briefly summarized as follows.    Legg requested Amanda Swalheim to lend $250 to him to purchase a truck or trucks at Des Moines, Iowa.    She refused to make the loan upon being advised that the security which he offered was not acceptable. After further discussion between her and Legg, it was arranged at his suggestion that she inclose $170 in a sealed envelope, which he was to carry and deliver for her to her brother-in-law, Abe Holtan, at Stoughton, by taking a bus leaving Madison at 6:30 a. m.; that upon Legg's delivery of the sealed envelope to Holtan he was to take the money and accompany Legg to Des Moines where Holtan was to use $150 of the money to pay on the purchase price of the truck or trucks, and have the title thereto put in the name of Mrs. Swalheim; and that Holtan could use the remaining $20 to cover his traveling expense.    These arrangements were confirmed in the course of a telephone conversation between Holtan at Stoughton and Mrs. Swalheim speaking at Madison in Legg's presence and hearing.    In accordance with the ar-

rangements she inclosed $170 in currency in a sealed envelope which she delivered with the money inclosed to Legg when he came to her the next morning at 4:45 o'clock. He left with the envelope and money, and she never heard from him again. Holtan met the bus upon its arrival in Stoughton that morning, but Legg was not on the bus. Upon his failure to return, Mrs. Swalheim consulted an attorney at Madison, who wrote, in a letter addressed to Legg at Des Moines,—

"Mrs. Amanda Swalheim has consulted me concerning the money she loaned you for the purpose of purchasing a truck."

All of the details of the transaction between Mrs. Swalheim and Legg were not discussed in the conference between her and the attorney. She told him about sealing up the money in the envelope and where it was to be delivered, but she did not tell him the specific purpose for sending the money to Holtan.

Legg stated to a police officer, who was returning with him from Iowa after his arrest, that he did not take the money that was in the sealed envelope; that the envelope was still on the table when he walked out of Mrs. Swalheim's room; and that if the envelope was taken, it was taken by two fellows who also roomed with her. To another officer Legg stated, after he was returned to Madison, that he received the envelope from Mrs. Swalheim; that the money was to be used to buy a truck and he was to meet another party at Stoughton and go to Iowa to buy the trucks; that while he was eating his breakfast at the west Madison railroad depot, he hung his coat up and, after breakfast, the envelope was missing from his coat; and that he was then afraid to go back to the complainant, so he caught a train and went to Des Moines.

The errors assigned by defendant on this appeal are that the court committed prejudicial error in denying the parts of an instruction, requested by him to be given to the jury, which were to the effect (1) that in order to convict defendant of

embezzlement there must be established the conversion of the money with an intent on the part of defendant to defraud Mrs. Swalheim; and (2) that if the evidence showed that she loaned the money to defendant to enable him to acquire a truck in her name or otherwise, and she was to be repaid the money thus loaned or advanced out of earnings from the use of the truck or trucks, then under such circumstances the offense of embezzlement was not committed with respect to the money.

Where the intent on the part of a defendant to defraud the owner of money or property is an essential element, which must be duly established and found by the jury in order to convict a defendant of the crime of embezzlement charged under sec. 343.20, Stats., the jury should be instructed to that effect when instructions on that subject are properly requested. *Glasheen v. State,* 188 Wis. 268, 271, 205 N. W. 820; *Koscak v. State,* 160 Wis. 255, 152 N. W. 181. Although in the case at bar there was no specific instruction to that effect on the subject of intent, the court did instruct the jury that the information charges that Legg—

"fraudulently appropriated $170 in cash belonging to . . . Amanda Swalheim to his own use. In law, such an appropriation and use is termed embezzlement. You cannot find the defendant guilty, unless you are satisfied, beyond all reasonable doubt, of the following facts, to wit:

"1. That the defendant Alva E. Legg did, on the 29th day of May, 1942, receive from Amanda Swalheim the sum of $170 in cash.

"2. That he received the money for the purpose of delivering the same to Abe Holtan at Stoughton, Dane county, Wisconsin.

"3. That, after so receiving the money, he appropriated or used the money for his own personal use.

"4. That he began to and so appropriated or turned the money to his own use in Dane county, Wisconsin."

In view of those instructions the jury could not convict Legg unless they were duly satisfied,—as is evidenced by the

454

verdict of guilty,—that he received the sum of $170 in cash from Mrs. Swalheim for the purpose of delivering that money to Abe Holtan, and after so receiving that sum he appropriated or used the money so received for such purpose to his own personal use, and began to so appropriate or turn the money to his own personal use in Dane county. The jury's finding of guilt necessarily negatives completely the claims asserted by defendant's conflicting statements to the police officers, that the envelope was missing from his coat while eating breakfast at the railroad depot, and that the envelope was still on the table when he walked out of Mrs. Swalheim's room; and also negatives defendant's claim that the money was a loan to him when Mrs. Swalheim placed the sealed envelope in his custody for the purpose of delivery to Abe Holtan. On the other hand, in view of the verdict returned under the instructions given to the effect stated above, it is clearly evident that the jury was satisfied that the right of property and possession of the specific money placed in Legg's custody for the purpose of delivery by him intact to Holtan was to remain in Mrs. Swalheim; and that in violation of the duty of his special agency in that respect he wrongfully and unlawfully appropriated the money to his own personal use. From such deliberate and intentional conversion to his own use of money of which he was custodian the law infers a fraudulent and felonious intent and when the conversion took place the offense was complete. *Lochner v. State,* 218 Wis. 472, 261 N. W. 227; *Mueller v. State,* 208 Wis. 550, 555, 243 N. W. 411; *Glasheen v. State, supra; State v. Leicham,* 41 Wis. 565, 582.

Moreover, the court's failure to instruct more specifically on the subject of the element of intent to defraud, as defendant requested, was not reversible error because his request in that respect was but part of an entire requested instruction, in which he included the requests that the court instruct (1) that the state was required to establish that defendant fraudulently embezzled or converted the money to his own use in

Dane county; and (2) that if the evidence showed that Mrs. Swalheim loaned the money to defendant to enable him to acquire a truck or trucks at Des Moines, in her name or otherwise, or to make a down payment thereon, or if she advanced the money to him under arrangements whereby he was to so acquire a truck or trucks in her name or otherwise, and she was to be repaid the money thus loaned or advanced out of earnings from the use of the truck or trucks, then under such circumstances the offense of embezzlement was not committed with respect to the money. In those two respects the requested instruction was erroneous. Under sec. 343.20 (2), Stats., "the offense of embezzlement may be prosecuted and punished in any county in which the person charged had possession of the property or thing alleged to have been embezzled." Consequently, mere possession of the money in Dane county by defendant was all that the state was required to show, so far as the matter of venue was concerned. *Podell v. State,* 228 Wis. 513, 518, 279 N. W. 653. Likewise, as the undisputed evidence was wholly to the effect that the money inclosed in the sealed envelope was to be delivered by Legg to Holtan who was to use $150 on the truck purchase in Mrs. Swalheim's name and the balance for his expenses; and as there was no evidence that the money, which was thus handed by Mrs. Swalheim to Legg for delivery to Holtan was then loaned by her to Legg, the requested instruction, in so far as it was based on the hypothesis "if the evidence shows that Mrs. Swalheim loaned the money in question to defendant," etc., was clearly not applicable. Consequently, because that part of the requested instruction was inapplicable, and because the part thereof in respect to the matter of venue was erroneous, the court's refusal of the instruction in its entirety did not constitute reversible error. Sec. 270.21, Stats., provides that "Each instruction asked by counsel to be given the jury shall be given without change or refused in full." In view of that provision, if an instruction cannot be given as requested it is not error to

456

refuse it entirely. *Davis v. State,* 134 Wis. 632, 642, 115 N. W. 150.

Furthermore, as under the uncontradicted evidence, the jury could not honestly have found that the money placed in Legg's custody by Mrs. Swalheim for delivery to Holtan was loaned by her to Legg, the failure of the court to give the requested instruction, the application of which was dependent upon a hypothesis for which there was no basis in the evidence, cannot be considered prejudicial or reversible error. To hold otherwise would be in disregard of the provision in sec. 274.37, Stats.

*By the Court.*—Judgment affirmed.