No. 38,273

STATE OF KANSAS, *Appellant*, v. HARRY H. HOFFMAN, *Appellee*.

(229 P. 2d 768)

April 7, 1951. Opinion filed

*John R. Alden,* assistant county attorney, argued the cause, and *Harold R. Fatzer,* attorney general, *John Fontron,* county attorney, and *Fred C. Preble,* of Hutchinson, were with him on the briefs for the appellant.

No appearance was made for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was a prosecution under what is commonly referred to as the demand portion of our embezzlement statute, G. S. 1949, 21-545, which reads:

". . . if any agent shall, with intent to defraud, neglect or refuse to deliver to his employer or employers, on demand, any money, bank bills, treasury notes, promissory notes, evidences of debt or other property which may or shall have come into his possession by virtue of such employment, office or trust, after deducting his reasonable or lawful fees, charges or commissions for his services, unless the same shall have been lost by means beyond his control before he had opportunity to make delivery thereof to his employer or employers, or the employer or employers have permitted him to use the same, he shall upon conviction thereof be punished in the manner provided in this section for unlawfully converting such money or other property to his own use."

Four counts of the amended information were framed in a similar manner. We need, therefore, consider only the first count. It reads:

"I, the undersigned, County Attorney of said County, in the name and by the authority and on behalf of the State of Kansas, give information that on or

about the 26th day of August, A. D. 1949, in said County of Reno and State of Kansas, one Harry H. Hoffman, then and there being, did then and there unlawfully, feloniously and wilfully while being the agent of the Red Arrow Trailer Manufacturing Company, a Missouri corporation, with the intent of him, the said Harry H. Hoffman, to defraud said Red Arrow Trailer Manufacturing Company did then and there on demand of said Red Arrow Trailer Manufacturing Company made at Long Beach, California, on or about the 26th day of August, 1949, after the said Harry H. Hoffman had fled the State of Kansas, neglect and refuse to deliver to the said Red Arrow Trailer Manufacturing Company, the sum of $1840.00, which said sum had come into the possession of the said Harry H. Hoffman on or about the 6th day of June, 1949 by virtue of his employment as an agent of the said Red Arrow Trailer Manufacturing Company and which said sum was the proceeds from the sale of one 25 foot Red Arrow Trailer, serial No. 495-42-22, and which said sum so received by the said Harry H. Hoffman as aforesaid was due to the said Red Arrow Trailer Manufacturing Company after deducting all reasonable and lawful fees, charges and commission. Contrary to the form of Statute 21-545 in such case made and provided and against the peace and dignity of the State of Kansas."

Defendant's motion to quash the amended information which the district court sustained was:

". . . that said information shows on its face that defendant has committed no offense against the laws of the State of Kansas, or within the State of Kansas, and that the Court has no jurisdiction to try defendant under said information."

The exact theory upon which the court sustained the motion is not reflected by the record. Appellee has filed no brief. Appellant contends the question is whether it is possible to commit a public offense in Kansas under the demand portion of this statute where an agent converts funds of his principal to his own use in this state and a demand for the delivery thereof is made on the agent in another state. We do not think the real question presented is whether it is possible to state a public offense under those circumstances but rather whether this particular information actually charges such an offense.

The theory upon which the district court sustained the motion to quash not being disclosed by the record we shall briefly consider the state's contention as stated. If the question presented to the district court was that stated by appellant we unhesitatingly say an accused cannot flee from this state, thereby preventing service of demand on him within the state, and thus circumvent prosecution for embezzlement under this portion of the statute. If an accused were permitted to do so he could easily nullify the true purpose and intent of the statute by flight from the state.

True, we have held a demand is a prerequisite to a prosecution under this portion of the statute. (*State v. Rush*, 138 Kan. 465, 469, 26 P. 2d 581; *State v. Evans*, 143 Kan. 29, 53 P. 2d 789; *State v. Rehg*, 157 Kan. 203, 215, 139 P. 2d 838, and cases therein cited.) In *State v. Rush*, supra, we also said the essence of the offense denounced by the concluding portion of the statute was the failure or refusal to pay or to deliver to the principal, on demand, money or property coming into the hands of the agent by virtue of his employment.

The effect of a demand outside of the state presents a question of first impression in this state. None of our previous cases dealt with such a demand. There is respectable authority that proof of demand is not necessary where a defendant has become a fugitive from the state and that in such a situation the state may prove the conversion otherwise than by demand and refusal. (*Kossakowski v. The People*, 177 Ill. 563, 53 N. E. 115 and *Agar v. State*, 176 Ind. 234, 94 N. E. 819, in which are cited cases from various other jurisdictions; Underhill's Criminal Evidence, 4th ed., § 493.) In such cases it is held the venue may be laid in the state and county where the accused was under obligation to account. In the instant case we need not determine whether a demand was necessary as it was made.

It is true that in *State v. Evans*, supra, we said:

"It is the law that the crime of embezzlement is committed when one who is entrusted with the money or property of another fails to have it forthcoming on the lawful demand of the person to whom it belongs. This is a rule of necessity. The state could never show at what particular instant of time or in what particular locality any wrongdoer conceived and put into execution his wicked design of appropriating to his own use the money or property entrusted to his keeping." (p. 31.)

The foregoing statement in the Evans case does not purport to preclude a prosecution in this state when the accused has fled its jurisdiction. In the Evans case the accused was under duty to account in Montgomery county and a formal demand was there made on him and refused. It was held that a mere previous request of the defendant in Grant county where he resided "to tell and itemize what [he] had done with that money" did not deprive the district court of Montgomery county of jurisdiction.

We think where an accused has fled from this state, making a demand on him within it impossible, the venue may be laid in the

county of this state where it was his duty to account and where he breached that duty. Whether the venue might also be laid in some other county of this state, under the provisions of G. S. 1949, 62-407, which reads,

"When property taken in one county by burglary, robbery, larceny or embezzlement has been brought into another county, the jurisdiction is in either county",

need not be determined now.

We now turn to the amended information to determine whether in view of the foregoing conclusion the information charges a public offense was committed in Reno county. We think it does not. The information does not actually allege the accused came into possession of the funds in Reno county on or about the sixth day of June, 1949. Of course, the funds actually may not have come into his possession in that county and this may account for a failure to so allege. But irrespective of where the funds may have come into his possession the information fails to allege the accused was under obligation to account for the balance due in Reno county, when under his agency agreement he was required to account and that he breached his duty to do so. The information appears to allege the offense was committed in the state of California on August 26, 1949, the date on which the demand was there made. The demand although otherwise a prerequisite to a prosecution under the statute does not determine venue where the defendant by fleeing from the state makes service of demand on him within this state impossible. We think the motion to quash was properly sustained.

The judgment is affirmed.