412 P.2d 67

**STATE of Arizona, Appellee,**

v.

**Bill BRADLEY, Jr., Appellant.**

**I CA–CR 67.**

Court of Appeals of Arizona.

March 16, 1966.

————◆————

Darrell F. Smith, Atty. Gen., by Gary K. Nelson, Asst. Atty. Gen., for appellee.

Vernon B. Croaff, Public Defender, by Grant Laney, Deputy Public Defender, for appellant.

CAMERON, Judge.

Defendant, Bill Bradley, Jr., was charged with the crime of grand theft, auto, pursuant to Sections 13–661, 13–671, and 13–663 A.R.S. He entered a plea of not guilty and trial was held before a jury on 17 August, 1965. He was found and judged guilty as charged.

We are called upon to determine whether, under our statutes, one who comes lawfully into possession of property with the intent to appropriate it to his own use either at the time he acquires possession or at a later date, may be guilty of the crime of theft as defined in 13–661 et seq. A.R.S.

The facts as are necessary for a determination of this matter are as follows: The complaining witness was a divorced woman who resided in Phoenix, Arizona. The defendant at times had worked in a service station and had done repair work on her automobile when the work was needed. The relationship between the complaining witness and the defendant was somewhat more than casual. She had visited in defendant's father's home where defendant resided, and on occasion they had gone out socially.

On 3 August, 1964, the complaining witness employed the defendant to do some mechanical work on her automobile. She gave the defendant the keys to the automobile and possession of the same for the purpose of test driving the car. The complaining witness never saw the car again. Sometime after the defendant obtained possession of the car, it was found in South Bend, Indiana, in a garage damaged and with an inoperative transmission.

Defendant appeals raising three questions for the determination of this Court. The first question raised by defendant is whether or not when a person obtains from the owner possession of personal property lawfully or with the owner's consent, and thereafter uses the property in a manner different than that intended by the owner can the person taking the property be guilty of theft. The second question concerns whether or not the court erred in denying defendant's motion for

a directed verdict in his favor. These two questions concern the same problem of law.

█ Under the common law, persons who had fraudulently appropriated to their own use, property which had come into their possession by virtue of a trust or fiduciary relationship, could not be convicted of the crime of larceny because in that offense it was necessary that the taking be unlawful. As has been stated:

> "One who is in lawful possession of the goods or money of another cannot commit larceny by feloniously converting them to his own use, for the reason that larceny, being a criminal trespass on the right of possession * * * cannot be committed by one who, being invested with that right, is consequently incapable of trespassing on it." 52 C.J.S. Larceny § 31, p. 827.

Our Supreme Court earlier refused to follow this line of reasoning and stated:

> "If, upon the other hand, it was the intention of Loomis, at the time of obtaining possession of the car, to convert it afterwards to his own use, he did not, in fraudulently appropriating it, commit the crime of embezzlement, but was guilty of the crime of larceny, because the taking itself in that instance would have been unlawful." Phelps v. State, 25 Ariz. 495, 505, 219 P. 589, 592 (1923).

The distinction between larceny, embezzlement and obtaining property by false pretenses has caused a certain amount of difficulty in interpreting the criminal statutes in light of the common law:

> "In fact the distinctions between larceny, embezzlement and false pretenses serve no useful purpose in the criminal law but are useless handicaps from the standpoint of the administration of criminal justice. One solution has been to combine all three in one section of the code under the name of 'larceny'. This has one disadvantage, however, because it frequently becomes necessary to add a modifier to make clear whether the reference is to common-law larceny or to statutory larceny. To avoid this difficulty some states have employed another word to designate a statutory offense made up of a combination of larceny, embezzlement and false pretenses. And the word used for this purpose is 'theft'. 'Theft' is not the name of any common-law offense. At times it has been employed as a synonym of 'larceny', but for the most part has been regarded as broader in its general scope. Under such a statute it is not necessary for the indictment charging theft to specify whether the offense is larceny, embezzlement or false pretenses." Perkins on Criminal Law, 272, Section 5, Theft.

The Arizona Revised Statutes state as follows:

> "Use of 'larceny, embezzlement or stealing' in statute

> "Any law which refers to or mentions larceny, embezzlement or stealing shall be interpreted as if the word 'theft' were substituted therefor." 13–662 A.R.S.

And Degrees of Theft:

> "A. 'Grand theft' is: 3. Theft of a * * * or a bicycle or motor vehicle, or any part thereof." 13–663 A.R.S.

Although there is respectable authority to the contrary, we feel and therefore hold that under the circumstances in this case and under the Arizona statutes one who comes lawfully into possession of property either with the intent at the time to unlawfully and permanently deprive the owner of possession or who arrives at the intention after possession of the property may be guilty of the crime of theft.

█ The defendant next urges that the lower court erred in its instructions to the jury. The record shows no objection to the

questioned instruction and this Court has previously stated:

> "We have read the instructions given and find no error. However, no objection having been made by the trial counsel to the form of the instruction * * *, the question cannot now be raised on appeal by the appellant counsel. Rules of Criminal Procedure, 17 A.R.S. 495, Rule 272; Rules of Civil Procedure, 16 A.R.S. 493, Rule 51." State v. Monks, 1 Ariz.App. 518, 519, 405 P.2d 456 (1965).

Judgment is affirmed.

STEVENS, C. J., and DONOFRIO, J., concur.