663 A.2d 590

**Hughes Eugene WRIGHT**

v.

**STATE of Maryland.**

**No. 56, Sept. Term, 1994.**

Court of Appeals of Maryland.

Aug. 23, 1995.

George E. Burns, Jr., Asst. Public Defender (Stephen E. Harris, Public Defender, both on brief), Baltimore, for petitioner.

Gwynn X. Kinsey, Jr., Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., both on brief), Baltimore, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI, BELL and RAKER, JJ.

RAKER, Judge.

In this case, we are asked to determine whether Maryland has jurisdiction to prosecute the petitioner for theft where there is no evidence that the conversion occurred in Maryland. We answer in the affirmative and affirm, on different grounds, the judgment of the Court of Special Appeals.

## I.

Petitioner Hughes Eugene Wright, a truck driver employed by the Wheatley Trucking Company in Cambridge, Dorchester County, Maryland, left the company lot in a company tractor-trailer on May 7, 1992. He was scheduled to deliver a load to New Jersey, pick up another load and deliver it to Norfolk, Virginia, and then pick up a load of cabbages in North Carolina. Some of the cabbages were scheduled for delivery to New York on May 10; the rest were to be delivered to Pennsylvania.

Wright was directed to report by telephone to the Wheatley Trucking dispatcher's office each morning and evening and whenever delivering or picking up cargo. He was also expected to "check in with" the company for his next assignment by May 12. Wright was not authorized to retain the truck for his own use, and was expected to return the vehicle to the trucking company upon completion of his deliveries.

Wright arrived in New Jersey, Virginia, and North Carolina on schedule, but arrived in New York on May 11, a day late.

He made his required contact phone calls each day until May 9, when he failed to make the required call to the dispatcher's office.

After the New York delivery, however, he failed to make a scheduled delivery in Pennsylvania and did not contact the trucking company again until June 1. On that date, he told Edward Hunteman, a vice president at Wheatley Trucking, that "someone had hijacked [the tractor-trailer] on him [in New Jersey] and told him not to tell anybody." Hunteman instructed Wright to come to the company's offices; when Wright arrived, he was arrested for theft. The tractor-trailer was never recovered.

Wright was charged with felony theft of the tractor-trailer, in violation of Maryland Code (1957, 1992 Repl.Vol., 1994 Cum.Supp.) Article 27, § 342[1]; unauthorized use of the tractor-trailer, in violation of Article 27, § 349; and felony theft of the cabbages, in violation of Article 27, § 342. The case was tried without a jury in the Circuit Court for Dorchester County. The court found Wright guilty of one count of felony theft (the tractor-trailer), and acquitted him on the charges of unauthorized use of the truck and theft of the cabbages.

Prior to trial, Wright filed a motion to dismiss the charges based on lack of territorial jurisdiction. The circuit court reserved ruling on the motion pending the receipt of evidence at trial. The State did not introduce any evidence tending to establish the location of Wright's conversion of the vehicle.

The trial court nevertheless rejected Wright's jurisdictional motion. The court found that Wright

committed what was previously known as the crime of larceny after trust, which is now encompassed under the definition of theft in Section 342 of Article 27.

The court finds that he was entrusted with the truck and he formed an intent to deprive the owner of the truck and

---

**1.** Unless otherwise noted, all statutory citations herein refer to Maryland Code (1957, 1992 Repl.Vol., 1994 Cum.Supp.) Article 27.

converted it to his own use, that is, fraudulently converted it to his own use.

Wright noted an appeal to the Court of Special Appeals. In an unreported opinion, that court affirmed the conviction. The intermediate appellate court held that the definition of the crime of theft under § 342 includes the intended result that the owner be deprived of the property and reasoned that Maryland may therefore exercise jurisdiction over a theft if the intended result occurs within the state. Because the Wheatley Trucking Company was located in Dorchester County, Maryland, and the intended result—the deprivation—occurred there, jurisdiction was proper in Maryland.

## II.

The murky bogs of criminal jurisdiction are ideal for the cultivation of Socratic dialogues but often perilous to the sound administration of justice. This case is a perfect example.

As a matter of common sense, it seems indisputable that Maryland should exercise jurisdiction in this case. The defendant, the victim, and all of the witnesses in this case were Maryland residents. The main evidence of the crime involved the defendant's failure to perform a required act—returning the truck—which was to be performed in Maryland. Under these circumstances, the probability is low that this crime would even come to the attention of investigators, let alone be prosecuted, in another jurisdiction. For all of these reasons, Maryland would seem to be the appropriate forum for this case.

In the mixed-up world of criminal jurisdiction, however, the law may only grudgingly permit, or even bar, what common-sense compels. Nonetheless, we find that a duty to account theory will sustain the jurisdiction of the Circuit Court for Dorchester County in this case.

We have previously examined the duty to account theory as a basis for the exercise of jurisdiction, *see, e.g., Bowen v. State,*

206 Md. 368, 377, 111 A.2d 844, 848 (1955), and we have expressed support for the theory in the context of venue, *see Martel v. State,* 221 Md. 294, 299, 157 A.2d 437, 440 (1960) (stating that venue in an embezzlement case is proper "where the accused is under an obligation to account"), *cert. denied,* 363 U.S. 849, 80 S.Ct. 1628, 4 L.Ed.2d 1732 (1960). We have never, however, fully adopted it as the law of Maryland. We do so today.

Before examining the duty to account doctrine, it is important that we explain why our analysis will rely on decisions in embezzlement cases, as well as larceny after trust cases, even though the trial court in the instant case relied exclusively on a larceny after trust theory to sustain Wright's conviction. The reason is that both of these crimes involve the unlawful conversion of property after the defendant has lawfully acquired possession subject to a duty to deliver the property to or use it for the benefit of the property's owner or other rightful possessor. *See* Maryland Code (1957, 1971 Repl.Vol.) Art. 27, § 129 (embezzlement involves property that has been "delivered to or received, or taken into possession by [the defendant], for or in the name or on account of his master or employer"); *id.* § 353 (larceny after trust arises in situations where a person is "entrusted with the possession of goods or things of value for the purpose of applying the same for the use and benefit of the owner or person who delivered the goods and things").[2] Because this duty is present in both crimes, and because it underlies the theory of jurisdiction founded on duty to account, the precedents involving either offense are equally applicable to this case.

These precedents indicate strong support in our sister states for the notion that duty to account gives rise to jurisdiction in larceny after trust and embezzlement cases. *See* Annot., *Territorial Jurisdiction for Embezzlement,* 80

---

**2.** Both of these forms of theft are now incorporated into the consolidated theft statute. Art. 27, § 341. This relieves us of the task of determining whether the prosecution proceeded on a larceny after trust or an embezzlement theory.

A.L.R.3d 514, 523–34 (1977) (citing cases invoking this theory). These cases offer two reasons for reliance on the duty to account doctrine.

The first rationale for reliance on this doctrine is that the duty to account is an essential part of the crime. This is simply an application of the traditional rule that a state will exercise jurisdiction over a crime only if some conduct or effect constituting a part of that crime was committed within the state. 1 W. Lafave and A. Scott, *Substantive Criminal Law* § 2.9(a), at 180 (1986); *see also Bowen v. State*, 206 Md. 368, 375, 111 A.2d 844, 847 (1955) ("[A]n offense against the laws of the State of Maryland is punishable only when committed within its territory.").

*State v. Roderick*, 9 Ariz.App. 19, 448 P.2d 891 (1968), provides an example of this approach. In *Roderick*, the defendant was accused of embezzling funds that were drawn from an Oklahoma bank and transferred to the defendant in Arizona to be delivered to the defendant's employer, also in Arizona. The Court of Appeals of Arizona concluded that duty to account is an element of the offense of embezzlement, that this accounting was to be made in Arizona, and that Arizona therefore had jurisdiction over the offense. *Id.* at 893; *see also Williams v. State*, 365 P.2d 569, 571 (Okla.Crim. App.1961).

The second reason cited by courts invoking the duty to account doctrine is the pragmatic concern that, without this theory, it may be impossible to bring a prosecution against the defendant in any forum. Whereas the occurrence of a larceny is signaled by a physical act, the asportation of the property, larceny after trust and embezzlement occur primarily in the mind of the thief, when he or she decides to convert property that is already in his or her possession. Thus, as the Supreme Court of Wisconsin observed,

> [w]ithout [a rule permitting jurisdiction to be established on the basis of duty to account] in many cases where embezzlement of funds is clear, there could be no conviction because of impossibility to prove just when and where the agent

actually converted the funds or formed the intent to defraud, as in the case of an agent traveling through many counties bound to report collections and pay over funds collected at his principal's place of business at stated intervals.

*Podell v. State,* 228 Wis. 513, 279 N.W. 653, 655 (1938); *see also Williams,* 365 P.2d at 572.

■ Both of these reasons apply to the instant case. In this case, Wright was obliged to return the tractor-trailer to Wheatley Trucking in Dorchester County, Maryland; his failure to do so constituted an unauthorized exercise of control over the vehicle. *See* Art. 27, § 342(a) (defining theft to encompass cases where the defendant "exerts control which is unauthorized"). Moreover, this omission was the sole evidence of the crime; unless jurisdiction could rest on the failure to return the tractor-trailer, this prosecution might never have been brought anywhere. Thus, the duty to account doctrine is ideally suited to the jurisdictional issue presented in the instant case.

Furthermore, finding that a duty to account in Maryland existed in this case is consistent with our past pronouncements on this doctrine. As noted above, although we have never adopted the duty to account theory to uphold jurisdiction, we have addressed the subject before. In most of these cases, we have found the theory inapplicable because the defendant's duty lay in another jurisdiction. *See, e.g., Bowen v. State,* 206 Md. 368, 377, 111 A.2d 844, 848 (1955).

All of those precedents finding no obligation to account in Maryland are distinguishable. In *Bowen,* for example, the defendant was charged with embezzlement and larceny after trust for receiving money that was to be turned over to Perpetual Building Association, a corporation with its office in Washington, D.C. We held that the duty to account was therefore in Washington, the location of the intended recipient. *Bowen,* 206 Md. at 377, 111 A.2d at 848.

The other significant case examining the duty to account doctrine is *Urciolo v. State,* 272 Md. 607, 325 A.2d 878 (1974).

In *Urciolo,* the defendant, a lawyer, was prosecuted for embezzlement after converting funds that were supposed to be delivered to his clients. Because the defendant's office was in Washington, D.C., and the client resided in Arizona, we held that the duty to account theory could not sustain jurisdiction in Anne Arundel County.[3] *Id.* at 640, 325 A.2d at 897.

For the reasons stated above, we hold that jurisdiction over a theft offense exists in this state if the defendant was subject to a duty to account for the property within this state. Consequently, the exercise of jurisdiction in this case was proper.

We emphasize the narrowness of our holding, however. The duty to account will sustain jurisdiction only where such a duty is an essential component of the crime. Thus, a person who lacks authority to take possession of certain property can consummate a theft merely by acquiring possession; in such a case, there is no duty to account, and jurisdiction cannot be founded on that basis.

In the present case, however, Wright lawfully acquired the tractor-trailer, subject to a duty to account for this property in Maryland. Therefore, the Circuit Court for Dorchester County had jurisdiction over the prosecution of the petitioner for theft.

*JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED; COSTS TO BE PAID BY THE PETITIONER.*

---

**3.** The reference to the location of the defendant's office was apparently included to show that, even on a broad view of the duty to account doctrine, it would still be inapplicable to the facts of *Urciolo.* We think it is clear that the duty to account was in fact in Arizona, where the property was to be delivered.